UNITED STATES DISTRRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANKLIN BANK, a division of First Place Bank,
a federally chartered savings association,

   Plaintiff,

v.              CASE NO. 2:07-CV-1348
                HON. P. J. DUGGAN
                MAG.V. M. MORGAN

MICHAEL EDWARD TINDALL, individually;
MART TRUST, u/a/d August 28, 1992;
TINDALL & COMPANY P.C., a Michigan Professional Corporation;
CADIEUX CORP., INC., a Michigan Corporation;
MICHIGAN CATHOLIC CREDIT UNION, a Michigan chartered credit union;
MEMBER FIRST MORTGAGE LLC, a/k/a,
MEMBER FIRST MORTGAGE, a Michigan Limited liability company; and,
UNITED STATES OF AMERICA,

   Defendants.
_____/

| SULLIVAN, WARD, ASHER & PATTON, P.C. | MARK CHABAN P.C. |
|---|---|
| By: Sheri B. Cataldo (P39276) | By: Mark A. Chaban (P57799) |
| By: William H. Thompson (P35122) | Attorney for Defendants |
| By: Kevin S. Toll (P69611) | CADIEUX, PC, TRUST, and MET |
| Attorneys for FRANKLIN BANK | 199 N. Main St., Ste. 112 |
| 25800 Northwester Hwy | Plymouth, MI 48170 |
| Southfield, MI 48075-1000 | (734) 454-0770 |
| (248) 746-0700 | Fax: (734) 454-0825 |
| FAX: (248) 746-2760 | mark.chaban@tds.net |
| SCATALDO@SWAPPC.COM | |

_____/

**MART TRUST'S FRCP 12(B)(1) MOTION TO DISMISS COUNT I
OF PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

Law Offices of
Mark Chaban, P.C.
199 N. Main Street
Suite 112
Plymouth, MI 48170
734-454-0770
fax 734-454-0825

1

Now comes MART Trust ("Trust") and moves to dismiss Count I of Plaintiff's Complaint, Foreclosure, pursuant to FRCP 12(b)(1) and 12(h)(3) for the reason that this Court lacks subject matter jurisdiction to hear and adjudicate Count I.

1. Plaintiff filed its Complaint in this matter September 6, 2007.

2. By statute, MCL 600.3180, Count I is an equity claim and foreclosure is an equity proceeding.

3. On September 6, 2007, there existed an outstanding Counter Complaint in the Trumbull County Court of Common Pleas ("state court"), filed by Plaintiff on July 13, 2007, in which Plaintiff sued for a Judgment, at law, on the note securing Plaintiff's mortgage that it now seeks to foreclose in Count I of this Complaint.

4. Plaintiff voluntarily dismissed its state court Counter Complaint, by an Order of the state court dated November 30, 2007, well after commencing this case.

5. Plaintiff elected its remedy, for Judgment on the note, on July 13, 2007.

6. By virtue of Plaintiff's election of remedies, Plaintiff lacked standing to seek foreclosure, or, to bring this action on September 6, 2007. This Court, therefore, lacks subject matter jurisdiction over Count I.

7. By virtue of Plaintiff's election of remedies, Plaintiff's claim to foreclose the mortgage, in Count I, is not "redressible" by this Court. This Court, therefore, lacks subject matter jurisdiction over Count I.

8. Plaintiff's claim for foreclosure is not "ripe" for adjudication by this Court. Therefore, this Court lacks subject matter jurisdiction over Count I.

9. Plaintiff knowingly and intentionally engaged in "fraud on the court" to initiate this case in this Court, and, therefore, this entire "proceeding" is void under FRCP 60(b).

Law Offices of
Mark Chaban, P.C.
199 N. Main Street
Suite 112
Plymouth, MI 48170
734-454-0770
fax 734-454-0825

10. Defendant Trust hereby adopts, incorporates by reference, and, joins in the FRCP 12(b)(1) Joint Motion of all Defendants to Dismiss this Case for Lack of Subject Matter Jurisdiction, as if fully set forth herein.

Wherefore, Trust respectfully requests this Court grant the motion to dismiss Count I of Plaintiff's Complaint, and, requests an award of actual attorney fees and costs incurred because of Plaintiff's filing of this action.

Law Offices of
Mark Chaban, P.C.
199 N. Main Street
Suite 112
Plymouth, MI 48170
734-454-0770
fax 734-454-0825

## BRIEF IN SUPPORT OF FRCP 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**TABLE OF RELEVENT AUTHORITIES**

**STATUTES:**
*MCL 600.3101*
*MCL 600.3105(2)*
*MCL 600.3150.*
*MCL 600.3180*

**COURT RULES:**
FRCP 60(b)

MCR 3.410(B)(1)
MCR 3.410(C)

**CASE AUTHORITIES**
*Abele v. McGuigan, 78 Mich 415 (1889)*
*Abbot Lab v. Gardner, 387 US 136 (1967)*
*Alexander v. Gardner-Denver Co., 145 US 36 (1974)*
*Arbough v. Y&H Corp 546 US 500 (2006)*
*Baker v. Gold Seal Liquors, Inc., 417 US 467 (1974)*
*Battle v. Battjes, 274 Mich 267 (1936)(Battle I)*
*Battle v. Battjes, 282 Mich 696 (1937)(Battle II)*
*Bender v. Williamsport Area School Dist., 475 US 534 (1986)*
*Cent. States Se. &. SW Areas Health & Welfare Fund v. Merk-Medico Man. Co., 433 F.3d 181 (2nd Cir 2005)*
*City Comm. Inc. v. City of Detroit, 888 F.2d 1081 (6th Cir 1989)*
<u>*Cleveland Surgi-Center, Inc. v. Jones, 2 F.3d 686, 691 (6th Cir. 1993)*</u>, cert. denied, <u>510 U.S. 1046 (1994)</u>
*Computer Leasco, Inc. v. NTP, Inc., 2006 US App LEXIS 23240 (6th Cir 2006)*
*Cooper v. Bressler, 9 Mich 534 (1862)*
*Cramer v. Met. Fed. Sav. And Loan Ass., 34 Mich App 638 (1971)*
*Demjanjuk v. Petrovsky, 10 F.3d 338 (6th Cir 1993)*
*Dusseau v. Roscommon State Bank, 80 Mich App 531 (1978)*
*EEOC v. Frank's Nursery & Crafts, Inc., 177 F.3d 448 (6th Cir 1999)*
*Farmers Loan & Trust Co. v. Toledo & SHR Co., 54 F. 759 (6th Cir 1893)*
*Freeport-McMoran Inc. v. KN Energy, Inc. 448 US 426 (1991)*
*Friends of the Earth, Inc. v. Laidlaw Envt'l Servs., 528 US 167 (2000)*
*Golden v. Garno Bros. Inc., 410 F.3d 879 (6th Cir 2005)*
*Gould Inc. v. Pechiney Uzine Kuhlmann, 853 F.2d 445 (6th Cir 1988)*
*H.K. Porter Co. Inc. v. Goodyear Tire & Rubber Co., 536 F.2d 1115 (6th Cir 1976)*

Law Offices of
Mark Chaban, P.C.
199 N. Main Street
Suite 112
Plymouth, MI 48170
734-454-0770
fax 734-454-0825

4

*Ins. Corp. of Ir. Ltd. v. Co des Bauxites de Guinee, 455 US 694 (1982)*
<u>Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982)</u>
*JV Peters & Co. v. Ruckelshaus, 584 F. Supp 1005 (WD Ohio 1984)*
*Joslin v. Millspaugh, 27 Mich 517 (1873)*
*Laylin v. Knox, 41 Mich 40 (1879)*
*Lee v. Clary, 38 Mich 223 (1878)*
*Loren v. Blue Cross Blue Shield of Michigan, 2007 US App LEXIS 22408 (6th Cir 2007)*
*Lujan v. Defenders of Wild Life, 504 US 555 (1992)*
*Macomb Cty. Sav. Bank v. Kohlhoff, 5 Mich App 531 (1967)*
*Midwest Menia Prop. LLC v. Symmes Tsp. Ohio, 503 F.3d 456 (6th Cir 2007)*
*Militz v. Jacob, 163 Mich 280 (1910)*
*Mullen v. Torence, 22 US 537 (1824)*
*NAACP v. City of Parma Ohio, 263 F.3d 513 (6th Cir 2001)*
*Nat. Rifle Ass'n of America v. McGraw, 132 F.3d 272 (6th Cir 1997)*
*Payne v. Cavanaugh, 292 Mich 305 (1940)*
*Preferred Properties, Inc. v. Indian River Estates, Inc., 214 Fed Appx 538 (6th Cir 2007)*
*Rogers v. Stratton Ind. Inc., 798 F.2d 913 (6th Cir 1986)*
*Scriven v. Hursh, 39 Mich 98 (1878).*
*Senter v. GM., 532 F.2d 511 (6th Cir.), cert den, 428 US 870 (1976)*
*Smith v. Sperling, 345 US 91 (1957)*
*Southern Fla.Banc SA v. Feldman, 703 F. Supp 627 (1989)*
*Southerland v. Irons, 628 F.2d 978 (6th Cir 1980)*
*St. Paul Fire & Marine Ins. Co. v. Seafare Corp., 831 F.2d 57 (4th Cir 1987)*
*Stegeman v. Fraser, 161 Mich 35 (1910)*
*Steel Co. v. Citizens for a Better Env't., 523 US 83 (1998)*
*Terry v. Terry, 170 Mich 330 (1912)*
*Transit Auth. v. Greater Cleveland Reg. Trans. Auth., 895 F.2d 266 (6th Cir 1990)*
*Trimmel v. GE Credit Corp., 555 F. Supp 264 (1983)*
*Tucker v. Tucker, 24 Mich 426 (1872)*
*Union Pav. Co. v. Duoner Corp., 276 F.2d 468 (9th Cir 1960)*
*United Growth Corp. v. Kelly Mort., & Inv. Co., 86 Mich App 82 (1978).*
*US v. Leslie, 421 F.2d 763 (6th Cir 1970)*
*Von Dunser v. Aronoff, 915 F.2d 1071 (6th Cir 1990)*
*Werner v. Werner, 357 Mich 671 (1959)*
*Wolf Creek Coll. V. Ruby Sammons, 2005 US App LEXIS 10981 (6th Cir 2005)*

**SECONDARY AUTHORITIES**:

*1 Callahans Michigan Pleading & Practice, Sec. 9.03, P239*
*32 MLP, "Foreclosure of Mortgages and Land Contracts by Suit", Sec 995;*

Law Offices of
Mark Chaban, P.C.
199 N. Main Street
Suite 112
Plymouth, MI 48170
734-454-0770
fax 734-454-0825

## FACTS:

The following facts are not in dispute. Indeed, they are a matter of public record; a matter of record in this case; and, Plaintiff admits them.

1. Plaintiff filed this action on September 6, 2007.

2. On September 6, 2007, Plaintiff was a party to an action in Tumbull County Common Pleas Court, No. 2007-CV-1196, initiated on May 11, 2007.

3. On July 13, 2007, Plaintiff filed a Counter Complaint in the state court seeking Judgment on the future advance/revolving credit note secured by the mortgage Plaintiff now seeks to foreclose in Count I of its Complaint.

4. Plaintiff's Counter Complaint in state court was pending on September 6, 2007 when Plaintiff filed this action.

5. Plaintiff voluntarily dismissed its Counter Complaint for Judgment on the note, by an Order of the state court dated November 30, 2007, after commencement of this action.

6. The claims against Plaintiff remain pending in the state court.

## ARGUMENT:

## I. SUBJECT MATTER JURISDICTION:

Federal courts are courts of limited jurisdiction and are empowered to hear only such cases as are within the judicial power of the United States, as defined in Article III, § 2 of the Constitution. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982); Cleveland Surgi-Center, Inc. v. Jones, 2 F.3d 686, 691 (6th Cir. 1993)*, cert. denied, *510 U.S. 1046 (1994)*

Law Offices of
Mark Chaban, P.C.
199 N. Main Street
Suite 112
Plymouth, MI 48170
734-454-0770
fax 734-454-0825

Subject matter jurisdiction is always a threshold question. There is no doctrine of "hypothetical jurisdiction" that enables a court to resolve contested questions of law or fact when its jurisdiction is in doubt. Therefore, challenges to the subject matter jurisdiction of the court must be resolved before the court considers the merits of the case. *Steel Co. v. Citizens for a Better Env't., 523 US 83 (1998) at 101*; *Transit Auth. v. Greater Cleveland Reg. Trans. Auth., 895 F.2d 266 (6th Cir 1990) at 269*; *Gould Inc. v. Pechiney Uzine Kuhlmann, 853 F.2d 445 (6th Cir 1988) at 450*. A party may raise the objection that a federal court lacks subject matter jurisdiction at any stage in the litigation. *Von Dunser v. Aronoff, 915 F.2d 1071 (6th Cir 1990) at 1074*. A federal court must resolve any disputes regarding its own jurisdiction before addressing the merits of the Plaintiff's claims. *Rogers v. Stratton Ind. Inc., 798 F.2d 913 (6th Cir 1986)*. Whenever it appears that the court lacks subject matter jurisdiction, the court must dismiss the case. *Arbough v. Y&H Corp., 546 US 500 (2006) at 506*.

Plaintiff has the burden of proving the court has subject matter jurisdiction. *Golden v. Garno Bros. Inc., 410 F.3d 879 (6th Cir 2005) at 881. Lujan v. Defenders of Wild Life, 504 US 555 (1992) at 561*. Jurisdiction is determined by the facts, as they existed at the time the Complaint was filed. Jurisdiction is not affected by subsequent events. *Smith v. Sperling, 345 US 91 (1957) at 93, n1; Mullen v. Torence, 22 US 537 (1824) at 539; Freeport-McMoran Inc. v. KN Energy, Inc. 448 US 426 (1991) at 428; Friends of the Earth, Inc. v. Laidlaw Envt'l Servs., 528 US 167 (2000) at 184; Lujan, supra, at 510 n4*.

Any order entered by a court that lacks subject matter jurisdiction is a nullity. Therefore, the only recourse for a court lacking subject matter jurisdiction is to dismiss the case. *Ins. Corp. of Ir. Ltd. v. Co des Bauxites de Guinee, 455 US 694 (1982) at 701-02*.

**"Courts are constituted by authority and they cannot [go] beyond the power delegated to them. If they act beyond that authority, and certainly in contravention**

Law Offices of
Mark Chaban, P.C.
199 N. Main Street
Suite 112
Plymouth, MI 48170
734-454-0770
fax 734-454-0825

of it, their judgments and orders are regarded as nullities. They are not voidable, but simply void, and this even prior to reversal." *Valley v. N. Fire & Marine Ins. Co., 254 US 348 (1920) at 355-54; Steel Co., supra, at 94* (**absent jurisdiction, the court must dismiss the case**).

## A. STANDING:

A plaintiff must possess both constitutional and statutory "standing" at the time a complaint is filed, or, a federal court lacks subject matter jurisdiction over the claim. *Bender v. Williamsport Area School Dist., 475 US 534 (1986) at 541; Loren v. Blue Cross Blue Shield of Michigan, 2007 US App LEXIS 22408 (6th Cir 2007)*. Plaintiff has the burden of proving every element of "standing". *Loren, supra, at *19*. If Plaintiff cannot establish constitutional "standing", at the time of filing the Complaint, the Complaint must be dismissed for lack of subject matter jurisdiction. *Loren at *19; Cent. States Se. &. SW Areas Health & Welfare Fund v. Merk-Medico Man. Co., 433 F.3d 181 (2nd Cir 2005) at 198*. "Standing" enforces the Constitution's case or controversy requirement.

"Standing" is determined at the time a complaint is filed. Subsequent events cannot create "standing". *Senter v. GM., 532 F.2d 511 (6th Cir.), cert den, 428 US 870 (1976); NAACP v. City of Parma Ohio, 263 F.3d 513 (6th Cir 2001) at 526, n11*. "Standing" must be maintained throughout all stages of the litigation. *City Comm. Inc. v. City of Detroit, 888 F.2d 1081 (6th Cir 1989) at 1086; Midwest Media Prop. LLC v. Symmes Tsp. Ohio, 503 F.3d 456 (6th Cir 2007) at 460*.

## B. REDRESSIBILITY:

One element of "standing" is "redressibility". An alleged injury is not "redressible" by a federal court where the ultimate relief cannot be obtained due to standards/requirements/causes not before the federal court. *Midwest Media, supra, at 461-462*. To meet the irreducible minimum requirements of "standing", Plaintiff must demonstrate that its injury is "redressible"

Law Offices of
Mark Chaban, P.C.
199 N. Main Street
Suite 112
Plymouth, MI 48170
734-454-0770
fax 734-454-0825

by a favorable decision of the court. *Lujan, supra, at 561; Midwest, supra, at 461*. Each requirement of standing, including "redressibility", is an indispensable part of Plaintiff's case and must be supported in the same way as any other matter on which Plaintiff bears the burden of proof.

A plaintiff cannot show an injury is "redressible" by a federal court where, even if it establishes its claim as pled, other essential factors or conditions prevent granting the relief requested. *Midwest, supra, at 462, and, at 465 (plaintiff who successfully attacks 4 out of 5 provisions of ordinance lacks "redressibile" injury because 5th provision still prevents the ultimate relief sought.)*

### C. RIPENESS:

"Ripeness" becomes an issue when a case is anchored in future events that may not occur as anticipated, or, at all. *Nat. Rifle Ass'n of America v, McGraw, 132 F. 3d 272 (6th Cir 1997) at 284*. The requirement of "ripeness" dictates that federal courts may not decide hypothetical future questions or possibilities. That is, a federal court cannot adjudicate premature matters. *Abbot Lab v. Gardner, 387 US 136 (1967) at 148; JV Peters & Co. v. Ruckelshaus, 584 F. Supp 1005 (WD Ohio 1984) at 1009*.

### II. PLAINTIFF LACKS STANDING TO SEEK FORECLOSURE, AND, COUNT I OF THE COMPLAINT MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

A complaint for judicial foreclosure is an equitable action. *MCL 600.3180*. MCL 600.3105(2) clearly states:

> "(2) After a complaint has been filed to foreclose a mortgage on real estate... while it is pending, AND, after a Judgment has been rendered upon it, no separate proceeding shall be had for the recovery of the debt secured by the mortgage or any part of it..."(emphasis added).

Law Offices of
Mark Chaban, P.C.
199 N. Main Street
Suite 112
Plymouth, MI 48170
734-454-0770
fax 734-454-0825

MCR 3.410(B)(1) confirms that a foreclosure action may not be brought where an action for a Judgment on the underlying note secured by that mortgage exists.

**Rule 3.410 Foreclosure of Mortgages and Land Contracts.**

**(B) Pleading.**

**(1) A plaintiff seeking foreclosure ... of a mortgage on real estate ... must state in the complaint whether an action has ever been brought to recover all or part of the debt secured by the mortgage ..."**

In 1873, the Michigan Supreme Court interpreted the exact language contained in MCL 600.3105(2), when the language was contained in Mich. Comp Laws Sec 5149:

**"after a bill of foreclosure is filed, while it is pending, and after decree, no proceedings whatever shall be had at law for recovery of the debt secured by the mortgage, or any part thereof ... "**

*Joslin v. Millspaugh, 27 Mich 517 (1873) at 518*. The court ruled that this statutory language expressly created an election of remedies binding on a plaintiff.

**"Our foreclosure proceedings provide for both possession and a personal judgment or decree. The change in practice had the effect to put mortgage cases on the same footing with other equitable causes, and leave them subject to the same occasion for an election of remedies"** *Id at 519.*

Subsequently, in 1878, in *Lee v. Clary, 38 Mich 223 (1878)*, the Michigan Supreme Court ruled that the election occurs at the filing of the first complaint.

**"The statute forbids *the beginning of a statutory foreclosure* if any suit or proceeding shall have been instituted to recover upon the debt then remaining secured..."** *Id at 227*(emphasis added)

A "statutory foreclosure" includes both a foreclosure by advertisement, and, a judicial action to foreclose in equity. *See, Stegeman v. Fraser, 161 Mich 35 (1910)(**Complaint for judicial foreclosure dismissed where Judgment at law not returned unsatisfied**) Cooper v. Bressler, 9 Mich 534 (1862)(same).*

Law Offices of
Mark Chaban, P.C.
199 N. Main Street
Suite 112
Plymouth, MI 48170
734-454-0770
fax 734-454-0825

In 1937, in *Battle v. Battjes, 274 Mich 267 (1936)(Battle I)* and *282 Mich 696 (1937)(Battle II),* the Michigan Supreme Court addressed the same situation Plaintiff has created in this case. Battle sued to foreclose a mortgage and for a deficiency in Florida. Battle obtained foreclosure in Florida. Before obtaining the Florida deficiency, Battle attempted to sue a co-maker for a Judgment on the note in Michigan. In *Battle I,* the Supreme Court ruled that the Florida foreclosure action was an election of remedies barring suit for a judgment on the note in Michigan.

Battle then voluntarily dismissed the deficiency portion of the Florida action. He also obtained a Florida order reciting that jurisdiction had never been obtained, by the Florida court, to render a deficiency against the co-maker. Battle then sued, again, for a Judgment on the note in Michigan. In *Battles II,* the Supreme Court ruled that the election of remedies **is made at the time of filing the complaint,** is **binding and irrevocable,** and, **cannot be withdrawn or erased by the subsequent voluntary dismissal of the complaint** that made the election. *Battles II, at 699-700*. The Court stated:

> "… after seeking what could have been obtained… the ground of relief… was lost and could not be regained by re-election of remedy or by court dismissal under application of plaintiffs…"
> ******************************
> "The instance at bar is not one of a bald mistake as to remedy but an authorized election… plaintiffs have not been absolved from the effect of such election by asking the court in Florida to dismiss their application… and relieve them from the consequences thereof." *Battles II at 700*

Michigan law clearly holds that an equitable action (foreclosure) and an action for Judgment on a note (at law) are inconsistent remedies. A resort to one bars the election of the other. The plaintiff makes **both** a binding election of remedies, and, a **choice of forum** that is irrevocable, and, cannot be altered by voluntary dismissal of the first choice made. *Battle I*

Law Offices of
Mark Chaban, P.C.
199 N. Main Street
Suite 112
Plymouth, MI 48170
734-454-0770
fax 734-454-0825

11

*supra, at 280; Militz v. Jacob, 163 Mich 280 (1910)(where plaintiff has a choice between inconsistent claims, the commencement of an action on one theory constitutes an election, and, while plaintiff may discontinue his action and sue again on the same claim, he cannot be allowed to sue on the inconsistent claim); 1 Callahans Michigan Pleading & Practice, Sec. 9.03, P239 (If the particular method of recovery or enforcement and theory of a cause of action were deliberately chosen there can be no derivation therefrom because some other method might have been more efficacious).*

Federal courts also recognize and enforce a plaintiff's election of remedies. *Alexander v. Gardner-Denver Co., 145 US 36 (1974) at 49-50(party electing one remedy loses the power to thereafter exercise the other, inconsistent remedy.); EEOC v. Frank's Nursery & Crafts, Inc., 177 F.3d 448 (6th Cir 1999) at 464; Wolf Creek Coll. v. Ruby Sammons, 2005 US App LEXIS 10981 (6th Cir 2005).* A suit for judgment on a note is a clear election of remedies inconsistent with foreclosure of a Michigan mortgage. *US v. Leslie, 421 F.2d 763 (6th Cir 1970) at 766.* Having made such an election, a plaintiff cannot pursue the inconsistent alternative remedy. *Farmers Loan & Trust Co. v. Toledo & SHR Co., 54 F. 759 (6th Cir 1893) at 766.*

Plaintiff clearly elected its remedy, a judgment on the note, on July 13, 2007. As a matter of Michigan law, Plaintiff lost the "power" to foreclose on that date. On September 6, 2007, that action was, undeniably, still pending. Subject matter jurisdiction did not exist in this Court on September 6, 2007, when Plaintiff filed this action. *Smith; Mullen; Freeport-McMoran; Friends; and, Lujan, all supra.* Subject matter jurisdiction, in this Court, can not be created by any subsequent action by Plaintiff after September 6, 2007. *Id.*

Because Plaintiff elected its remedy some two (2) months before filing this action, it had no standing to foreclose the mortgage, in this Court, on September 6, 2007. *Bender, supra;*

Law Offices of
Mark Chaban, P.C.
199 N. Main Street
Suite 112
Plymouth, MI 48170
734-454-0770
fax 734-454-0825

*Loren, supra; Cent. States, supra.* Further, because Michigan substantive law prohibits foreclosure *while an action for a Judgment on the same debt is pending*, and, *before execution on any such judgment obtained is returned unsatisfied*, Plaintiff lacked a "redressible" injury on September 6, 2007, and, this Court lacks subject matter jurisdiction over Count I of Plaintiff's Complaint. Plaintiff's subsequent voluntary dismissal of its Counter Complaint, on November 30, 2007, was totally ineffectual to "erase" Plaintiff's election of remedies, as a matter of substantive Michigan law. *Battle II*. Even if Plaintiff could validly "erase" its election of remedies under substantive Michigan law, Plaintiff cannot create "standing", or, subject matter jurisdiction, by any action occurring *after* September 6, 2007, as a matter of federal law. *Senter, supra; NAACP, supra; City Comm, supra; Midwest, supra.*

This Court lacked subject matter jurisdiction over Count I of Plaintiff's Complaint on September 6, 2007. Plaintiff lacked standing to bring Count I on September 6, 2007. Nothing Plaintiff has done since September 6, 2007 can create "standing" or subject matter jurisdiction over Count I in this Court. Count I of Plaintiff's Complaint must be dismissed.

### III. PLAINTIFF'S CLAIM FOR FORECLOSURE IS NOT "RIPE" FOR ADJUDICATION BY THIS COURT, AND, MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

#### A. ELECTION OF REMEDIES:

As a matter of Michigan substantive law, Plaintiff elected its remedy on July 13, 2007 when it sued in Ohio state court for a Judgment on the note secured by the mortgage. *Joslin; Lee; Battle I*. That election is binding and irrevocable. *Battle II; Militz, supra.* Plaintiff cannot initiate an action to foreclose the mortgage until **after** a Judgment is obtained (if one is obtained), and, **after** an execution on that Judgment is returned unsatisfied. *Stegeman, supra; Cooper, supra; Southern Fla.Banc SA v. Feldman, 703 F. Supp 627 (1989).* Plaintiff's claim was

Law Offices of
Mark Chaban, P.C.
199 N. Main Street
Suite 112
Plymouth, MI 48170
734-454-0770
fax 734-454-0825

13

not "ripe" for adjudication on September 6, 2007. Indeed, with 15 claims pending against it in state court for a total amount of damages exceeding the claimed indebtedness, Plaintiff's claim to the remedy of foreclosure is both premature, and, speculative. This Court cannot adjudicate premature or speculative matters. Count I of Plaintiff's Complaint must, therefore, be dismissed for lack of subject matter jurisdiction.

### B. AFFIRMATIVE DEFENSES AND SET OFF.

Damage claims by a mortgagor against a mortgagee are both a set off against the amount a mortgagee claims is due to it, and, for which it may- ultimately- seek foreclosure as a remedy; and, are also affirmative defenses to the remedy of foreclosure itself. *Terry v. Terry, 170 Mich 330 (1912); Cramer v. Met. Fed. Sav. And Loan Ass., 34 Mich App 638 (1971)*. A Michigan mortgage foreclosure is a statutory proceeding, whether carried out under "power of sale" (by advertisement), or, in "equity" by judicial action. *MCL 600.3101, 3180*. As such, a court conducting a Michigan foreclosure must strictly comply with all statutory provisions applicable thereto. *United Growth Corp. v. Kelly Mort., & Inv. Co., 86 Mich App 82 (1978)*.

By statute, a foreclosure decree must find and determine the amount of indebtedness for which the mortgaged property is answerable. *32 MLP, "Foreclosure of Mortgages and Land Contracts by Suit", Sec 995; MCL 600.3150*. The court must hear evidence to fix the amount due for which a decree of foreclosure is given. *Tucker v. Tucker, 24 Mich 426 (1872)*. A foreclosure decree must be for the "true" amount of the debt secured and due the plaintiff. *Laylin v. Knox, 41 Mich 40 (1879); Scriven v. Hursh, 39 Mich 98 (1878)*. This requires that any foreclosure decree credit the mortgagor for any and all legitimate claims/setoffs against the mortgagee. *Payne v. Cavanaugh, 292 Mich 305 (1940)(**claim for improper sale of other collateral securing other notes**); Dusseau v. Roscommon State Bank, 80 Mich App 531 (1978)(**claim for value of cut**

Law Offices of
Mark Chaban, P.C.
199 N. Main Street
Suite 112
Plymouth, MI 48170
734-454-0770
fax 734-454-0825

*timber and rent); Abele v. McGuigan, 78 Mich 415 (1889)(**claim for value of other property released**); Werner v. Werner, 357 Mich 671 (1959)(**claim for room, board and services**).*

The claims against Plaintiff were brought **before** Plaintiff initiated this action, and, by Plaintiff's own admission, **before** it declared "default" under its mortgage, and, **before** it accelerated its debt. These claims are not compulsory counterclaims in this action, under FRCP 13(a), and, need not be brought in this Court. They were already outstanding at the time Plaintiff, unilaterally, initiated this action to avoid litigating these claims to a conclusion prior to foreclosure. *Baker v. Gold Seal Liquors, Inc., 417 US 467 (1974); St. Paul Fire & Marine Ins. Co. v. Seafare Corp., 831 F.2d 57 (4th Cir 1987); Trimmel v. GE Credit Corp., 555 F. Supp 264 (1983); Union Pav. Co. v. Duoner Corp., 276 F. 2d 468 (9th Cir 1960).* Plaintiff cannot obtain foreclosure, as a remedy, until these claims are fully adjudicated, and, all set offs resulting therefrom are determined and applied to produce the "true" amount for which the mortgaged property is "answerable". Indeed, since the claims against Plaintiff in state court (1) dispute the existence of any bona-fide "default"; and, (2) dispute Plaintiff's right to accelerate the debt; and, (3) exceed, in any event, the amount of indebtedness Plaintiff claims to be due; there is a substantial possibility that Plaintiff may have no right to foreclosure at all.

Count I of Plaintiff's Complaint, Foreclosure, is premature because this Court cannot comply with the statutory requirements and conditions for issuing a Judgment of foreclosure until after all pending claims against Plaintiff, in state court, are determined. Therefore, Plaintiff's Count I is premature, speculative (at best), and, this Court lacks subject matter jurisdiction over Count I because Plaintiff's claim to the remedy of foreclosure is not "ripe" for adjudication.

## C. STATUTORY LIMITATION:

Law Offices of
Mark Chaban, P.C.
199 N. Main Street
Suite 112
Plymouth, MI 48170
734-454-0770
fax 734-454-0825

MCL 600.3140(2) clearly prohibits entry of a Judgment of foreclosure until six (6) months after a valid Complaint for foreclosure is filed. MCR 3.410(C)(1) confirms this prohibition by clearly providing that a foreclosure sale **"may not be ordered"** until six (6) months after **"an action to foreclose a mortgage is begun"**. By initiating this improper action prematurely, Plaintiff has attempted to jump ahead and start the statutory clock, well before it can legally do so. Even absent a binding election of remedies under Michigan substantive law, Plaintiff could not initiate foreclosure of this mortgage until the state court determined: (1) whether a bona fide "default" ever occurred; (2) whether Plaintiff is entitled to accelerate the debt; and, (3) assuming (1) and (2) favor Plaintiff, the net amount Plaintiff may recover, and, for which it may lawfully seek the remedy of "foreclosure". *Macomb Cty. Sav. Bank v. Kohlhoff, 5 Mich App 531 (1967)*(**no right to foreclose open ended/future advance mortgage where there is no "default".**)

Plaintiff cannot circumvent these determinations and adjudications, because without them, this Court cannot comply with the mandatory statutory requirements for a Judgment of foreclosure. Plaintiff cannot prematurely start the statutory clock because, until these mandatory pre-conditions are satisfied, it lacks standing to seek the remedy of foreclosure, and, any future claim to that remedy is not "ripe" for adjudication. Therefore, Count I of Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction.

### IV. PLAINTIFF ENGAGED IN "FRAUD ON THE COURT" IN INITIATING THIS ACTION, AND, THEREFORE, THE PROCEEDINGS AND ANY ORDERS OR JUDGMENTS ARE VOID.

FRCP 60(b)(3) provides that any judgment, order, or, proceeding may be vacated for **"fraud (whether heretofore demonstrated to be intrinsic or extrinsic), misrepresentation, or, other misconduct of an adverse party"**. Rule 60(b) further provides: **"This rule does not**

Law Offices of
Mark Chaban, P.C.
199 N. Main Street
Suite 112
Plymouth, MI 48170
734-454-0770
fax 734-454-0825

16

**limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant... or to set aside a judgment for "fraud upon the court".**

The term "fraud on the court" is well developed in this (Sixth) circuit. *Demjanjuk v. Petrovsky*, 10 F.3d 338 (6th Cir 1993); *Southerland v. Irons*, 628 F.2d 978 (6th Cir 1980); *H.K. Porter Co. Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115 (6th Cir 1976); *Computer Leasco, Inc. v. NTP, Inc.*, 2006 US App LEXIS 23240 (6th Cir 2006); *Preferred Properties, Inc. v. Indian River Estates, Inc.*, 214 Fed Appx 538 (6th Cir 2007). Fraud on the court consists of:

1. conduct by an officer of the court;
2. directed at the judicial machinery itself;
3. that is intentionally false, willfully blind to truth, or, in reckless disregard for truth;
4. a positive averment, or, a concealment when one is under a duty to disclose; and,
5. that deceives the court. *Demjanjuk, supra.; Computer Leasco, supra.*

The individual accused of fraud on the court must have directly interacted with the court. *Computer Leasco, supra.* A motion claiming fraud on the court is interchangeable with an independent action under FRCP 60(b). *Goodyear, supra.* Fraud on the court may be raised by a party, or, a non-party. *Southerland, supra.* Since attorneys are "officers of the court", their conduct, if dishonest, constitutes "fraud on the court". *Goodyear, supra; Preferred Properties, supra.*

On September 6, 2007, Plaintiff filed the Complaint initiating this action. That Complaint was signed by Plaintiff's counsel, under FRCP 11, certifying that: (1) it was not presented for an improper purpose; and, (2) the allegations or other factual contentions had evidentiary support. At the time of filing the Complaint, Plaintiff's counsel was co-counsel for Plaintiff in the Ohio state court. Nevertheless, Plaintiff's Complaint affirmatively stated, and, counsel certified, "**94.**

Law Offices of
Mark Chaban, P.C.
199 N. Main Street
Suite 112
Plymouth, MI 48170
734-454-0770
fax 734-454-0825

17

**No other proceeding has been instituted to recover the debt evidenced by the Home Equity Line and the Mortgage or any part of it…"**

Paragraph 94 of Plaintiff's Complaint is **NOT**, as previously suggested by this Court, a mere "allegation" subject to blind admission or denial. This statement is an affirmative statement of material existing fact essential to establish both "standing" and "subject matter jurisdiction" in federal court, and, the right to a substantive remedy, under Michigan substantive law. *MCL 600.3105(2); MCR 3.401(B)(1). See, also, authorities cited, supra, holding that "subject matter jurisdiction" and "standing" in federal court must exist at the time of filing the Complaint.* The allegation was made, on Plaintiff's behalf, by an officer of the court. It was directed at the judicial machinery itself, for the purpose of establishing "standing" and "subject matter jurisdiction" to foreclose a Michigan mortgage. It was knowingly and intentionally false. It is both a positive averment, and, an essential element that an officer of the court is under a duty to disclose. Finally, it has deceived this Court into continuing this proceeding in the erroneous belief that Plaintiff had "standing", and, that this Court had subject matter jurisdiction on September 6, 2007.

A proceeding conducted by this Court, without subject matter jurisdiction, on behalf of a plaintiff with no standing, is void, ab-initio. Any orders or judgments issued by this Court would be a nullity, even without appeal. The proceedings and orders/judgments are vacatable, under FRCP 60(b)(3), and, separately challengeable under FRCP 60(b). The fact that the challenge is raised by this motion, rather than by independent action, is irrelevant. *Goodyear, supra.* Count I of Plaintiff's Complaint must be dismissed based on "fraud on the court".

Law Offices of
Mark Chaban, P.C.
199 N. Main Street
Suite 112
Plymouth, MI 48170
734-454-0770
fax 734-454-0825

**CONCLUSION**:

Count I of Plaintiff's Complaint must be dismissed for lack of standing, and, lack of subject matter jurisdiction, and, for "fraud on the court".

Respectfully Submitted,

**MARK CHABAN P.C.**


BY:__Mark A. Chaban____
MARK A. CHABAN  P57799
199 N. MAIN ST., STE 112
PLYMOUTH, MI 48170
(734) 454-0770
Fax: (734) 454-0825
mark.chaban@tds.net

Dated: ___Mark A. Chaban___

---

Proof of Service
The undersigned certifies that the foregoing instrument was served upon all unrepresented parties and the attorney of record of all parties to the above-entitled cause at their respective business address on __12/26/07___
By:  ☐ U.S. Mail            ☐ FAX
     ☐ Hand-Delivered       X E-FILE-CEF
     ☐ Federal Express      ☐ Other

Signature: _____Mark A. Chaban_____

Law Offices of
Mark Chaban, P.C.
199 N. Main Street
Suite 112
Plymouth, MI 48170
734-454-0770
fax 734-454-0825

19