UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANKLIN BANK, a division of First
Place Bank, a federally chartered savings
association,

    Plaintiff,

v.

MICHAEL EDWARD TINDALL,
individually and as trustee of MART
TRUST, u/a/d August 28, 1992, TINDALL
& COMPANY, P.C., a Michigan
Professional Corporation, CADIEUX
CORP., INC., a Michigan Corporation,
MICHIGAN CATHOLIC CREDIT UNION,
a Michigan chartered credit union,
MEMBER FIRST MORTGAGE LLC, a/k/a,
MEMBER FIRST MORTGAGE, a
Michigan limited liability company, and
UNITED STATES OF AMERICA,

    Defendants.
_____/

Case No. 07-13748

Honorable Patrick J. Duggan

TINDALL & CO.,

    Counter-Plaintiff,

v.

FRANKLIN BANK,

    Counter-Defendant.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE FRANKLIN**

**BANK'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 12, 2008.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
           U.S. DISTRICT COURT JUDGE

On September 6, 2007, Franklin Bank ("Franklin Bank") filed this lawsuit against Michael Edward Tindall ("Tindall"), in his individual capacity and as trustee of MART Trust ("MART"), Tindall & Company, P.C. ("T&C"), Cadieux Corp., Inc. ("Cadieux"), Michigan Catholic Credit Union ("MCCU"), Michigan First Mortgage ("MFM"), and the United States of America.[1] Franklin Bank's nine-count complaint asserts claims relating to four separate loan transactions entered into between Franklin Bank and one or more of the Tindall Defendants.[2] Presently before this Court is Franklin Bank's partial motion for summary judgment as to Count I of its complaint (Foreclosure of Mortgage).

**I   Background**

In Count I of its complaint, Franklin Bank seeks to judicially foreclose on property

---

[1] On November 13, 2007, by stipulation of the parties, the United States of America was dismissed without prejudice. (Doc. No. 39.)

[2] More specifically, Franklin Bank's complaint asserts the following nine counts: Count I (Foreclosure of Mortgage); Count II (Breach of Commercial Loan Promissory Note (As to T&C)); Count III (Breach of Commercial Guaranty (As to Tindall)); Count IV (Fraudulent Misrepresentation on Boat Loan (As to Tindall)); Count V (Declaratory Judgment re: Validity of Security Interest in Boat and Right to Possession (As to Cadieux)); Count VI (Breach of Business Loan Promissory Note (As to T&C)); Count VII (Breach of Business Loan Guaranty (As to Tindall)); Count VIII (Fraudulent Misrepresentation on Business (As to T&C)); and Count IX (Fraudulent Misrepresentation on Credit Applications (As to Tindall)).

located at 55 Merriweather Road, Grosse Pointe Farms, Michigan 48236 ("the property"). Defendants MCCU and MFM also have mortgages on the property. To fully understand the parties' arguments, a description of the parties' respective loans and mortgages is necessary.

### A. MFM's Loan and Mortgage

On February 25, 2005, Tindall, acting individually and as trustee for MART, granted MFM a mortgage on the property. (MFM's Resp. Ex. B.) MFM's mortgage on the property secured the repayment of a $1,125,000 home equity loan MFM extended to Tindall on February 25, 2005. MFM's mortgage was recorded in the Wayne County Register of Deeds ("WCRD") on April 4, 2005.

### B. Franklin Bank's Loan and Mortgage

On March 7, 2005, Tindall received a First Choice Home Equity Line of credit from Franklin Bank in the amount of $325,000. (*See* Pl.'s Compl. Ex. B.) That same day, to secure the repayment of the home equity loan he received from Franklin Bank, Tindall, acting solely as trustee for MART, granted Franklin Bank a future advance mortgage on the property. (*Id.* Ex. C.) Franklin Bank's mortgage was recorded in the WCRD on March 29, 2005.

### C. MCCU's Loan and Mortgage

On March 11, 2005, Tindall entered into a Home Equity Open-End Credit Agreement with MCCU pursuant to which Tindall received a loan in the amount of $250,000. To secure repayment of MCCU's loan, Tindall, acting individually and as trustee of MART, granted MCCU a future advance mortgage in the property. MCCU

recorded its mortgage in the WCRD on March 23, 2005.

## II. Discussion

The parties have raised three issues throughout the briefing on Franklin Bank's motion for partial summary judgment. The first issue is whether Tindall has defaulted on Franklin Bank's mortgage. The second issue is whether MART Trust, at the time it allegedly granted a mortgage in the property to Franklin Bank, had title to the property, and if not, whether Franklin Bank had notice of this deficiency. Finally, the parties dispute whether Franklin Bank had notice of MFM's previously-executed but subsequently-recorded mortgage. In other words, the parties dispute whether Franklin Bank is a "bona fide purchaser" under Michigan's recording statute and thus entitled to priority over MFM's subsequently-recorded mortgage. *See* MICH. COMP. LAWS § 565.29.

MFM and MCCU argue that because there has been no discovery under the Federal Rules of Civil Procedure, it would be inappropriate to resolve Franklin Bank's motion for partial summary judgment at this time. In its reply briefs, Franklin Bank argues that discovery is not needed before their partial motion for summary judgment can be decided. Notwithstanding Franklin Bank's arguments to the contrary, this Court is persuaded that discovery is needed before ruling on its motion for partial summary judgment.

Rule 56 does not require that discovery be closed, or that there be any discovery, before a Court rules on a motion for summary judgment. *See* FED. R. CIV. P. 56; *Jefferson v. Chattanooga Publ'g Co.*, 375 F.3d 461, 463 (6th Cir. 2004)(stating that "it is well established that a motion for summary judgment may be filed prior to discovery").

4

Nonetheless, ruling on a motion for summary judgment may be improper where the non-moving party has not had sufficient time to engage in discovery.  *See id.*  In these situations, the non-moving party must comply with Rule 56(f), which "provides that a party opposing a motion for summary judgment is allowed to claim an inability to present facts essential to justify its opposition to summary judgment." *Id.*; *see also* FED. R. CIV. P. 56(f).

In this case, counsel for MFM, Mr. Matthew Woodworth, has submitted a Rule 56(f) affidavit stating that MFM "has not had an adequate opportunity to conduct any discovery whatsoever in this matter (pursuant to the Federal Rules of Civil Procedure)." (MFM's Resp. Ex. I, Mr. Woodworth's Aff. ¶ 8.)  Mr. Woodworth also states that he believes that written discovery and depositions are necessary to ascertain whether Franklin Bank had knowledge of MFM's mortgage in Tindall's property.  (*See id.* ¶ 5-6.)  Moreover, although several motions have been filed in this action to date, no pre-trial conference has been held, and as a result, the Court has yet to enter a scheduling order.  Consequently, this Court believes that ruling on Franklin Bank's motion for partial summary judgment as to Count I of its complaint is premature.  The Court will therefore deny Franklin Bank's motion for partial summary judgment without prejudice.  Upon completion of the discovery specified in the order below, Franklin Bank may file another motion for partial summary judgment.

Accordingly,

**IT IS ORDERED** that Franklin Bank's Motion for Partial Summary Judgment as to Count I is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that discovery on the following issues must be completed within sixty (60) days of the date of this order: (1) whether MART trust had an interest in the property at the time it granted a mortgage to Franklin Bank; (2) whether Franklin Bank had notice of MFM's mortgage on the property; and (3) whether Tindall has defaulted on his mortgages with Franklin Bank, MFM, and MCCU. Within thirty (30) days after completing discovery on the foregoing issues, Franklin Bank may submit another motion for partial summary judgment. Defendants may then submit response briefs in the time period allotted by Eastern District of Michigan Local Rule 7.1(d)(1)(B). Franklin Bank will then have an opportunity to reply within the specified time period. *See* E.D. Mich. LR 7.1(d)(1)(C).

        s/PATRICK J. DUGGAN
        UNITED STATES DISTRICT JUDGE

Copies to:
Sheri B. Cataldo, Esq.
Mark A. Chaban, Esq.
Chiara F. Mattieson, Esq.
Patricia Corkery, Esq.
Matthew B. Woodworth, Esq.
Michelle M. Wezner, Esq.