UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FRANKLIN BANK, a division of First
Place Bank, a federally chartered savings
association,

       Plaintiff,

v.

MICHAEL EDWARD TINDALL,              Case No. 07-13748
individually and as trustee of MART
TRUST, u/a/d August 28, 1992, TINDALL      Honorable Patrick J. Duggan
& COMPANY, P.C., a Michigan
Professional Corporation, CADIEUX
CORP., INC., a Michigan Corporation,
MICHIGAN CATHOLIC CREDIT UNION,
a Michigan chartered credit union,
MEMBER FIRST MORTGAGE LLC, a/k/a,
MEMBER FIRST MORTGAGE, a
Michigan limited liability company, and the
UNITED STATES OF AMERICA,

       Defendants.
_____/

TINDALL & CO.,

       Counter-Plaintiff,

v.

FRANKLIN BANK,

       Counter-Defendant.
_____/


**OPINION AND ORDER DENYING THE TINDALL DEFENDANTS' MOTION**

**TO DISMISS AND DENYING MART'S MOTION TO DISMISS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 12, 2008.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

On September 6, 2007, Franklin Bank filed this lawsuit against: Michael Edward

Tindall ("Tindall"), in his individual capacity and as trustee of MART Trust ("MART");

Tindall & Company, P.C. ("T&C"); Cadieux Corp., Inc. ("Cadieux"); Michigan Catholic

Credit Union ("MCCU"); Michigan First Mortgage ("MFM"); and the United States of

America.[1]  In its complaint,[2] Franklin Bank alleges that diversity jurisdiction exists

pursuant to 28 U.S.C. § 1332.  Presently before this Court are: (1) a motion to dismiss

filed by Defendants Tindall, MART, T&C, and Cadieux (collectively referred to as the

"Tindall Defendants"); and (2) a motion to dismiss filed by MART.

## I.    Standard of Review

In their motions to dismiss, the Tindall Defendants and MART contend that subject

---

[1]On November 13, 2007, by stipulation of the parties, the United States of America
was dismissed without prejudice.  (Doc. No. 39.)

[2]Franklin Bank's claims arise out four separate loan transactions entered into
between Franklin Bank and one or more of the Tindall Defendants.  The complaint asserts
the following nine counts: Count I (Foreclosure of Mortgage); Count II (Breach of
Commercial Loan Promissory Note (As to T&C)); Count III (Breach of Commercial
Guaranty (As to Tindall)); Count IV (Fraudulent Misrepresentation on Boat Loan (As to
Tindall)); Count V (Declaratory Judgment re: Validity of Security Interest in Boat and
Right to Possession (As to Cadieux)); Count VI (Breach of Business Loan Promissory
Note (As to T&C)); Count VII (Breach of Business Loan Guaranty (As to Tindall));
Count VIII (Fraudulent Misrepresentation on Business (As to T&C)); and Count IX
(Fraudulent Misrepresentation on Credit Applications (As to Tindall)).

2

matter jurisdiction does not exist, citing Rule 12(b)(1).  "A Rule 12(b)(1) motion to

dismiss for lack of subject matter jurisdiction may involve a facial or a factual attack."

*Am. Telecom. Co., LLC v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007)(citing

*Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2004)).  "When a Rule 12(b)(1)

motion attacks the factual basis for jurisdiction, the district court must weigh the

evidence, and the plaintiff has the burden of proving that the court has jurisdiction over

the subject matter."  *Golden*, 410 F.3d at 881.

   In their present motions, the Tindall Defendants and MART attack the factual basis

for subject matter jurisdiction.

## II.   Discussion

### A.   The Tindall Defendants' Motion

   The Tindall Defendants contend that diversity jurisdiction does not exist because

there is no diversity of citizenship as required by 28 U.S.C. § 1332.  As relevant to this

case, Section 1332 provides that, "[t]he district courts shall have original jurisdiction of

all civil actions where the matter in controversy exceeds the sum or value of $75,000,

exclusive of interests and costs, and is between- (1) citizens of different States . . . ."  28

U.S.C. § 1332(a).  One of the fundamental requirements of diversity jurisdiction is

complete diversity, meaning "that no party share citizenship with any opposing party."

*Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000); *accord Strawbridge v.

Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806).

   The Tindall Defendants state that Franklin Bank is a division of a federal chartered

savings association and as such is not a citizen of any state for the purposes of diversity

3

jurisdiction.  Franklin Bank disagrees and contends that as a division of First Place Bank,

a nationally chartered savings association with its "home office" in Ohio, it is a citizen of

Ohio.  In so arguing, Franklin Bank relies on a recent amendment to the Home Owners'

Loan Act ("HOLA"), 12 U.S.C. §§ 1461-70.

Prior to the recent amendment of HOLA, there were no statutory provisions

identifying the state of citizenship for a federally chartered savings association.  *See*

*generally Lehman Bros Bank, FSB v. Frank T. Yoder Mortgage*, 415 F. Supp. 2d 636

(E.D. Va. 2006)(recounting history and addressing the citizenship of a federally chartered

savings bank before the amendment of HOLA).  Courts faced with the issue of a federally

chartered savings association's citizenship applied the general rule that federally

chartered companies, including savings associations, were "ineligible for diversity

jurisdiction."[3]  *Id.* at 639.  Congress, in amending HOLA, did away with the general rule

as it applies to federally chartered savings associations.  *See First Midwest Bank –*

*Deerfield Branches v. Metabank*, Civ. 06-4114, 2007 U.S. Dist. LEXIS 21016, at *4-5

(D.S.D. March 23, 2007); *First Premier Bank v. Metabank*, Civ. 06-4115, 2007 U.S. Dist.

LEXIS 24359, at *4-5 (D.S.D. March 23, 2007)(both applying 12 U.S.C. § 1464(x) to

determine the citizenship of a federally chartered savings association).  As of October 13,

2006, HOLA provides:

---

[3]Two exceptions to this general rule existed, a congressional rebuttable of national citizenship and a "localization" exception.  *See id.* at 640 (explaining parameters of these exceptions); *see also Loyola Fed. Sav. Bank v. Fickling*, 58 F.3d 603, 606 (applying the "localization" exception); *Feuchtwanger Corp. v. Lake Hiawatha Fed. Credit Union*, 253 F.2d 453 (3d Cir. 1959)(applying "localization" test to federal credit union).

**(x) Home State Citizenship**
In determining whether a Federal court has diversity jurisdiction over a case in which a Federal savings association is a party, the Federal savings association shall be considered to be a citizen only of the State in which such savings association has its home office.

12 U.S.C. § 1464(x).

It is undisputed that First Place Bank is a federally chartered savings and loan association chartered under HOLA. (*See* Pl.'s Resp. Ex. A.) Franklin Bank's complaint alleges that First Place Bank is a federally chartered savings association with its "principal place of business" in Ohio. (Compl. ¶ 1.) The evidence shows that First Place Bank has its home office in Ohio. (Pl.'s Resp. Ex. A.) Thus, First Place Bank is a citizen only of Ohio.

First Place Bank, however, is not the named plaintiff in this case. Rather the named plaintiff is Franklin Bank, of which it is alleged is a division of First Place Bank. (Compl. ¶ 1.) Generally, "the state of which a division of a corporation is a citizen for the purpose of determining diversity 'is the state of which the corporation that owns the division is a citizen.'" *Schwartz v. Elec. Data Sys.,* 913 F.2d 279, 284 (6th Cir. 1990)(quoting *Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986)).

Applying this rule to a federally chartered savings association, the Court finds that there is complete diversity of citizenship. "Effective July 2, 2004, First Place Bank and Franklin Bank were merged into a single federally-chartered stock savings association with the name First Place Bank." (*Id.* ¶ 5.) Moreover, First Place Bank's "banking business in Michigan operates as a division of First Place Bank under the name Franklin

5

Bank." (*Id.* ¶ 6.) Consequently, because a division of an entity takes the citizenship of its

owner, Franklin Bank is a citizen of Ohio. There is no dispute that all of the defendants

in this action are citizens of Michigan and there is no dispute that the amount in

controversy is satisfied. Accordingly, the exercise of diversity jurisdiction is appropriate

in this case.

The Tindall Defendants, however, tell a different story. They argue that Franklin

Bank is actually a division of First Place Financial Corporation, which the Tindall

Defendants contend is a "domestic (Delaware) corporation[] organized as [a] holding

company." (Tindall Dfts.' Rep. Br. at 3.) According to the Tindall Defendants, First

Place Financial Corporation is a Delaware corporation with its principal place of business

in Ohio. (*See* Tindall Dfts.' Rep. Ex. 2, Certificate of Merger of Franklin Bancorp, Inc.

into First Place Financial Corp.) Thus, even if Franklin Bank is a division of First Place

Financial Corporation, it would be a citizen of both Delaware and Ohio. *Schwartz*, 913

F.2d at 284. Because all of the defendants are citizens of Michigan, the exercise of

diversity jurisdiction would still be appropriate.

The Tindall Defendants remaining arguments are also unavailing. First, the Tindall

Defendants contend that Franklin Bank drafted a document which listed its principal

place of business as Michigan. Thus, argue the Tindall Defendants, Franklin Bank should

be bound by its representations. Contrary to the Tindall Defendants' arguments, subject

matter jurisdiction cannot be created or altered by a private party's contract. *Douglas v.*

*E.G. Baldwin & Assocs.*, 150 F.3d 604, 608 (6th Cir. 1998)("Parties cannot create subject

matter jurisdiction by contract where none exists, nor can they waive a court's lack of

subject matter jurisdiction because, quite simply, subject matter jurisdiction cannot be created where none exists.")(citations omitted).  Second, the Tindall Defendants argue that the "total activity test" applied to determine a corporation's principal place of business for diversity jurisdiction should be applied here.  *Gafford v. Gen. Electric Co.*, 997 F.2d 150, 163 (6th Cir. 1993).  As stated above, however, Franklin Bank is a division of a federally chartered savings bank; thus, the "total activity test" does not apply.

In conclusion, the Court finds that it is appropriate to exercise diversity jurisdiction over this dispute.  Accordingly, the Tindall Defendants' motion to dismiss for lack of subject matter jurisdiction will be denied.

### B.      MART's  Motion

In its motion, MART attaches the labels "standing," "redressibility," "ripeness," and "fraud on the court" to the same arguments MART made in a previous motion asserting that this Court should abstain from hearing this dispute pursuant to the doctrine announced in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236 (1976).  (Doc. No. 24.)  In addition, MART's arguments were also made in Cadieux and Tindall's motion to dismiss Counts IV, V, and IX.[4]  (Doc. No. 13.)  MART's cavalier approach to reasserting these arguments will not be countenanced.  For the same reasons this Court rejected these arguments at the December 11, 2007 hearing, they are rejected here.  Consequently, MART's motion to dismiss will be denied.

Accordingly,

---

[4]MART, Tindall, and Cadieux are all represented by the Mark A. Chaban, Esq.

7

8

**IT IS ORDERED** that the Tindall Defendants' motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that MART's motion to dismiss is **DENIED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Sheri B. Cataldo, Esq.
Mark A. Chaban, Esq.
Chiara F. Mattieson, Esq.
Patricia Corkery, Esq.
Matthew B. Woodworth, Esq.
Michelle M. Wezner, Esq.