UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANKLIN BANK, a division of First
Place Bank, a federally chartered savings
association,

       Plaintiff,

v.

MICHAEL EDWARD TINDALL,
individually and as trustee of MART
TRUST, u/a/d August 28, 1992, TINDALL
& COMPANY, P.C., a Michigan
Professional Corporation, CADIEUX
CORP., INC., a Michigan Corporation,
MICHIGAN CATHOLIC CREDIT UNION,
a Michigan chartered credit union,
MEMBER FIRST MORTGAGE LLC, a/k/a,
MEMBER FIRST MORTGAGE, a
Michigan limited liability company, and
UNITED STATES OF AMERICA,

       Defendants.
_____/

Case No. 07-13748

Honorable Patrick J. Duggan

TINDALL & CO.,

       Counter-Plaintiff,

v.

FRANKLIN BANK,

       Counter-Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART MART'S**

## MOTION TO CLARIFY FEBRUARY 12, 2008 ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 28, 2008.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On September 6, 2007, Franklin Bank ("Franklin Bank") filed this lawsuit against Michael Edward Tindall ("Tindall"), in his individual capacity and as trustee of MART Trust ("MART"), Tindall & Company, P.C. ("T&C"), Cadieux Corp., Inc. ("Cadieux"), Michigan Catholic Credit Union ("MCCU"), Michigan First Mortgage ("MFM"), and the United States of America.[1] Franklin Bank's nine-count complaint asserts claims relating to four separate loan transactions entered into between Franklin Bank and one or more of the Tindall Defendants.[2] In an Opinion and Order issued on February 12, 2008, this Court denied, without prejudice, Franklin Bank's motion for partial motion for summary judgment as to Count I of its complaint, which is entitled Foreclosure of Mortgage. Presently before this Court is MART's "Motion to Clarify" this Court's February 12,

---

[1] On November 13, 2007, by stipulation of the parties, the United States of America was dismissed without prejudice. (Doc. No. 39.)

[2] More specifically, Franklin Bank's complaint asserts the following nine counts: Count I (Foreclosure of Mortgage); Count II (Breach of Commercial Loan Promissory Note (As to T&C)); Count III (Breach of Commercial Guaranty (As to Tindall)); Count IV (Fraudulent Misrepresentation on Boat Loan (As to Tindall)); Count V (Declaratory Judgment re: Validity of Security Interest in Boat and Right to Possession (As to Cadieux)); Count VI (Breach of Business Loan Promissory Note (As to T&C)); Count VII (Breach of Business Loan Guaranty (As to Tindall)); Count VIII (Fraudulent Misrepresentation on Business (As to T&C)); and Count IX (Fraudulent Misrepresentation on Credit Applications (As to Tindall)).

2008 Opinion and Order.

In its motion, MART argues that "[a]lthough addressed by all parties in the context of [Franklin Bank's motion for partial summary judgment as to Count I], this Court's Order did not address whether MFM and MCCU are bound to foreclose by judicial foreclosure in this action." (MART's Mot. and Br. at 2.) In other words, MART contends that this Court was to "address" whether MFM could proceed with its foreclosure by advertisement in its February 12, 2008 Opinion and Order, but it did not. (*See id.* at 5.) MART further states that "[u]pon information and belief, now that [Franklin Bank's] motion was denied, MFM and MCCU intend to proceed with foreclosure by advertisement outside this action on or about March 5, 2008." (*Id.* at 2.)

In this Court's February 12, 2008 Opinion and Order, it denied Franklin Bank's motion for partial summary judgment as to Count I (Foreclosure on Mortgage) without prejudice based on counsel for MFM's Rule 56(f) affidavit stating that additional discovery was needed as to whether Franklin Bank had notice of MFM's mortgage, which was executed prior to Franklin Bank's mortgage but recorded subsequently. This Court also noted in its February 12, 2008 Opinion and Order that the following two additional issues were raised in the briefs filed with respect to Franklin Bank's motion for partial summary judgment as to Count I: (1) "whether MART trust had an interest in the property at the time it granted a mortgage to Franklin Bank;" and (2) "whether Tindall has defaulted on his mortgages with Franklin Bank, MFM, and MCCU." (2/12/08 Op. & Or. at 6.) To resolve the identified issues, this Court ordered the parties to complete limited discovery within sixty days of the date of its February 12, 2008 Opinion and Order and

3

allowed Franklin Bank the opportunity to file another motion for partial summary judgment within thirty days after completing the limited discovery.  (*Id.*)

As an initial matter, to the extent that MART points out that this Court ordered limited discovery on the issue of whether Tindall has defaulted on MFM's and MCCU's mortgages, this Court will grant Tindall's motion and clarify its February 12, 2008 order.  In Count I of its complaint, Franklin Bank alleges that MFM and MCCU also have interests in the same property it is seeking to foreclose upon.  (Compl. ¶ 93b.-c.)  Franklin Bank also asks this Court to "[d]etermine that the rights and interests of the other Defendants [presumably referring to MFM and MCCU] are subordinate to the rights and interests of [Franklin Bank]."  (*Id.* at pg. 20.)  It is clear from the allegations in Count I of Franklin Bank's complaint, the only count involving MFM and MCCU, that whether Tindall is in default on MFM's and MCCU's mortgages is not an issue before this Court.  Therefore, this Court's February 12, 2008 order of limited discovery will be clarified accordingly.

MART's principal contention is that this Court should clarify its February 12, 2008 Opinion and Order to "address" whether MFM could proceed with foreclosure by advertisement on its mortgage on the property.  In its motion for partial summary judgment on Count I, filed on December 5, 2007, Franklin Bank requested that this Court order that MFM's "foreclosure by advertisement shall be stayed until this Court has ruled on [its] motion."  (Doc. No. 43, Franklin Bank's Mot. at 2.)  Furthermore, on December 11, 2007, the Court held a hearing on a motion to dismiss filed by Cadieux and Tindall (Doc. No. 13), and a motion to stay filed by MART (Doc. No. 24).  At the December 11,

2007 hearing, Ms. Sheri Cataldo, counsel for Franklin Bank, stated:

> Your Honor, there's one other issue that occurs to me. There's a foreclosure by advertisement pending by one of the defendants. And I don't know if you want me to file something and address that separately or if you want to address it today.
>
> But because we had a judicial foreclosure going and we had the priorities issues, we thought at least, at this point, a foreclosure by advertisement will be inappropriate. . . .

(12/5/07 Tr. at 20.) After there was some discussion of the issue of MFM's foreclosure by advertisement on the record, Ms. Chiara F. Mattieson, counsel for MCCU in this action (who also serves as counsel for MFM in the foreclosure by advertisement), agreed that MFM "will not proceed further with the foreclosure by advertisement sale until the Court has ruled on [Franklin Bank's motion for partial summary judgment as to Count I]." (*Id.* at 24; *see also id.* at 25.) Moreover, in their response briefs to Franklin Bank's motion for partial summary judgment as to Count I, MFM and MCCU both argued that a ruling on Franklin Bank's partial summary judgment would be premature because the parties have not had the opportunity to conduct discovery on the issue of whether Franklin Bank had notice of MFM's previously executed mortgage. (Doc. No. 55, MCCU's Resp. Br. at 7-8; Doc. No. 58, MFM's Resp. Br. at 5-6; *see also* MFM's Resp. Br., Ex. I, Rule 56(f) Affidavit of Matthew B. Woodworth.)

To the extent that this Court did not "address" whether MFM could proceed with foreclosure by advertisement on its mortgage on the property, the Court did not believe it was necessary to address such issue in light of Ms. Mattieson's agreement at the December 5, 2007 hearing. It was this Court's understanding from Ms. Mattieson's

5

agreement at the December 5, 2007 hearing, that MFM would not proceed with its foreclosure by advertisement until this Court resolved, or in other words ruled on the merits of, Franklin Bank's motion for partial summary judgment as to Count I. (*See* 12/5/07 Tr. at 24-25.) It is this Court's opinion that MFM is bound by Ms. Mattieson's stipulation.

Accordingly,

**IT IS ORDERED** that MFM not proceed with foreclosure by advertisement until this Court has ruled on the merits of Franklin Bank's motion for partial summary judgment as to Count I of its complaint.

**IT IS FURTHER ORDERED** that discovery on the following issues must be completed within sixty (60) days of the date of this order: (1) whether MART had an interest in the property at the time it granted a mortgage to Franklin Bank; (2) whether Franklin Bank had notice of MFM's mortgage on the property located at 55 Merriweather Road, Grosse Pointe Farms, Michigan 48236; and (3) whether Tindall or MART has defaulted on the mortgage with Franklin Bank. Within thirty (30) days after completing discovery on the foregoing issues, Franklin Bank may submit another motion for partial summary judgment. Defendants may then submit response briefs in the time period allotted by Eastern District of Michigan Local Rule 7.1(d)(1)(B). Franklin Bank will then have an opportunity to reply within the specified time period. *See* E.D. Mich. LR 7.1(d)(1)(c).

                                                            s/PATRICK J. DUGGAN
                                                            UNITED STATES DISTRICT JUDGE

Copies to:
Sheri B. Cataldo, Esq.
Mark A. Chaban, Esq.
Chiara F. Mattieson, Esq.
Patricia Corkery, Esq.
Matthew B. Woodworth, Esq.
Michelle M. Wezner, Esq.