UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANKLIN BANK, a division of First
Place Bank, a federally chartered savings
association,

       Plaintiff,

v.

                                     Case No. 07-13748

MICHAEL EDWARD TINDALL,
individually and as trustee of MART          Honorable Patrick J. Duggan
TRUST, u/a/d August 28, 1992, TINDALL
& COMPANY, P.C., a Michigan
Professional Corporation, CADIEUX
CORP., INC., a Michigan Corporation,
MICHIGAN CATHOLIC CREDIT UNION,
a Michigan chartered credit union,
MEMBER FIRST MORTGAGE LLC, a/k/a,
MEMBER FIRST MORTGAGE, a
Michigan limited liability company, and
UNITED STATES OF AMERICA,

       Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL CLARIFICATION OF APRIL 7, 2008 OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 30, 2008.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

On September 6, 2007, Franklin Bank ("Franklin Bank") filed this lawsuit against

Michael Edward Tindall ("Tindall"), in his individual capacity and as trustee of MART

Trust ("MART"), Tindall & Company, P.C. ("T&C"), Cadieux Corp., Inc. ("Cadieux"), Michigan Catholic Credit Union ("MCCU"), Michigan First Mortgage ("MFM"), and the United States of America.[1]  Franklin Bank's nine-count complaint asserts claims relating to four separate loan transactions entered into between Franklin Bank and one or more of the Tindall Defendants.[2]  In an Opinion and Order issued on April 7, 2008, this Court (1) granted Plaintiff's motion to strike the jury demand of the Tindall Defendants as to Counts I, VI, VII, and VIII of Plaintiff's Complaint and (2) dismissed Counts II and III of Plaintiff's Complaint based on an arbitration agreement in the Commercial Loan Guaranty.  (*See* Doc. No. 95.)  Presently before this Court is "Plaintiff's Motion for Partial Clarification or Reconsideration Of April 7, 2008 Opinion And Order Granting In Part And Denying In Part Tindall's Motion to Dismiss, Denying Cadieux's Motion for Summary Judgment, and Granting Plaintiff's Motion to Strike Jury Demand."

In its motion, Plaintiff first requests that the Court clarify its April 7, 2008 Opinion and Order and address whether the jury demand in T&C's Verified Counter-Complaint should be stricken.  On April 24, 2008, the Tindall Defendants filed a "Concurrence in

---

[1]On November 13, 2007, by stipulation of the parties, the United States of America was dismissed without prejudice.  (Doc. No. 39.)

[2]More specifically, Franklin Bank's complaint asserts the following nine counts: Count I (Foreclosure of Mortgage); Count II (Breach of Commercial Loan Promissory Note (As to T&C)); Count III (Breach of Commercial Guaranty (As to Tindall)); Count IV (Fraudulent Misrepresentation on Boat Loan (As to Tindall)); Count V (Declaratory Judgment re: Validity of Security Interest in Boat and Right to Possession (As to Cadieux)); Count VI (Breach of Business Loan Promissory Note (As to T&C)); Count VII (Breach of Business Loan Guaranty (As to Tindall)); Count VIII (Fraudulent Misrepresentation on Business (As to T&C)); and Count IX (Fraudulent Misrepresentation on Credit Applications (As to Tindall)).

Plaintiff's Motion for Clarification or Reconsideration of April 7, 2008 Opinion and Order." (Doc. No. 100.) In their concurrence, the Tindall Defendants state that they "concur in Plaintiff's Motion, dated April 14, 2008, seeking Clarification/Reconsideration of that portion of this Court's April 7, 2008 Opinion and Order addressing the rights of various Defendants to a Jury Trial in this matter." (*Id.* at 2.) In other words, the Tindall Defendants have concurred in Plaintiff's motion to the extent that it requests that the Court clarify its April 7, 2008 Opinion and Order and strike the jury demand in T&C's Verified Counter-Complaint. The Court agrees that the jury demand in T&C's Verified Counter-Complaint must be stricken.

Plaintiff also requests that the Court clarify its April 7, 2008 Opinion and Order to state that the requested declaratory judgment in T&C's Verified Counter-Complaint that Plaintiff "created and perpetuated" T&C's default under the Commercial Loan must be arbitrated because it "relates to the Commercial Loan," or in other words, is within the scope of the arbitration agreement in the Commercial Loan Guaranty. As stated in this Court's April 7, 2008 Opinion and Order, the arbitration agreement in the Commercial Loan Guaranty provides that the parties "may submit to binding arbitration any dispute" that "relates to this Transaction," and goes on to state that "the transaction includes this Guaranty and any other document relating to the Debt, and proposed loans or extensions of credit that relate to this Guaranty." (Comm. Loan Guaranty ¶ 21.) Because T&C's request for a declaratory judgment that Plaintiff "created and perpetuated" the default under the Commercial Loan "relates to [the] Transaction," as defined by the Commercial Loan Guaranty, T&C must now take its request for a declaratory judgment that Plaintiff

"created and perpetuated" T&C's default under the Commercial Loan before the arbitrator.

Accordingly,

**IT IS ORDERED** that "Plaintiff's Motion for Partial Clarification or Reconsideration Of April 7, 2008 Opinion And Order" is **GRANTED**.

**IT IS FURTHER ORDERED** that the jury demand in T&C's Verified Counter-Complaint is **STRICKEN**.

**IT IS FURTHER ORDERED** that T&C must arbitrate any dispute regarding a default of the Commercial Loan Agreement.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Sheri B. Cataldo, Esq.
Mark A. Chaban, Esq.
Chiara F. Mattieson, Esq.
Patricia Corkery, Esq.
Matthew B. Woodworth, Esq.
Michelle M. Wezner, Esq.