UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANKLIN BANK, a division of First
Place Bank, a federally chartered savings
association,

    Plaintiff,

v.

MICHAEL EDWARD TINDALL,
individually and as trustee of MART
TRUST, u/a/d August 28, 1992, TINDALL
& COMPANY, P.C., a Michigan
Professional Corporation, CADIEUX
CORP., INC., a Michigan Corporation,
MICHIGAN CATHOLIC CREDIT UNION,
a Michigan chartered credit union,
MEMBER FIRST MORTGAGE LLC, a/k/a,
MEMBER FIRST MORTGAGE, a
Michigan limited liability company, and
UNITED STATES OF AMERICA,

    Defendants.
_____/

Case No. 07-13748

Honorable Patrick J. Duggan

**OPINION AND ORDER DENYING CADIEUX'S MOTION FOR
RECONSIDERATION OF APRIL 7, 2008 OPINION AND ORDER DENYING
SUMMARY JUDGMENT AS TO COUNT V OF PLAINTIFF'S COMPLAINT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 17, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

On September 6, 2007, Franklin Bank ("Plaintiff") filed this lawsuit against Michael

Edward Tindall ("Tindall"), in his individual capacity and as trustee of MART Trust, Tindall & Company, P.C., Cadieux Corp., Inc. ("Cadieux"), Michigan Catholic Credit Union, Michigan First Mortgage, and the United States of America.[1] Plaintiff's nine-count complaint asserts claims relating to four separate loan transactions entered into between Plaintiff and one or more of the Tindall Defendants.[2][3] In an Opinion and Order issued on April 7, 2008, this Court denied Cadieux's motion for summary judgment as to Count V of Plaintiff's complaint. Presently before this Court is Cadieux's motion for reconsideration of the April 7, 2008 order denying its motion for summary judgment as to Count V. On April 28, 2008, this Court issued a Notice informing the parties that it will permit Plaintiff to file a response to Cadieux's motion for reconsideration. Plaintiff filed a timely response on May 7, 2008, to which Cadieux replied on May 8, 2008.

**I.     Background**

Count V of Plaintiff's complaint involves a $225,850.00 boat loan ("Boat Loan")

---

[1] On November 13, 2007, by stipulation of the parties, the United States of America was dismissed without prejudice. (Doc. No. 39.)

[2] The "Tindall Defendants" include: Tindall, MART Trust, Tindall & Company, P.C., and Cadieux.

[3] More specifically, Plaintiff's complaint asserts the following nine counts: Count I (Foreclosure of Mortgage); Count II (Breach of Commercial Loan Promissory Note (As to T&C)); Count III (Breach of Commercial Guaranty (As to Tindall)); Count IV (Fraudulent Misrepresentation on Boat Loan (As to Tindall)); Count V (Declaratory Judgment re: Validity of Security Interest in Boat and Right to Possession (As to Cadieux)); Count VI (Breach of Business Loan Promissory Note (As to T&C)); Count VII (Breach of Business Loan Guaranty (As to Tindall)); Count VIII (Fraudulent Misrepresentation on Business (As to T&C)); and Count IX (Fraudulent Misrepresentation on Credit Applications (As to Tindall)).

advanced by Plaintiff to Tindall. To secure repayment of the Boat Loan, Tindall granted Plaintiff a security interest in a 2004 Sea Ray boat (hereinafter referred to as the "Boat"). After Tindall defaulted on the Boat Loan and Tindall failed to cure the default after being notified by Plaintiff, Plaintiff seized the Boat. On August 15, 2007, counsel for Plaintiff notified Tindall and Cadieux that Plaintiff intended to sell the Boat "at a private sale sometime after August 28, 2007." (Pl.'s Compl. Ex. L.)

Count V of Plaintiff's complaint seeks "a declaratory judgment that Plaintiff has a valid security interest in the entire Boat and that it lawfully took possession of the Boat, pursuant to MCL 440.9609,[4] after default on the Boat Loan by Defendant Tindall." (Pl.'s Compl. at p. 29.) On January 2, 2008, Cadieux filed a motion for summary judgment as to Count V of Plaintiff's complaint, arguing that Plaintiff had actual notice that Cadieux was the owner of the Boat before it advanced the Boat Loan to Tindall and before Tindall granted Plaintiff a security interest in the Boat. Cadieux also argued that Plaintiff cannot rely on the actions or statements of Tindall, the alleged agent of Cadieux, to show that Tindall had apparent authority to bind Cadieux, because apparent authority must be established by the actions or statements of the principal, i.e., Cadieux. In so arguing, Cadieux relied on the integration clause in the Boat Loan agreement.

In the April 7, 2008 Opinion and Order, the Court denied Cadieux's motion for summary judgment as to Count V. The Court held that there was a genuine issue of

---

[4]Section 440.9609 of the Michigan Compiled Laws allows a secured party to, among other things, take possession of the collateral after default. MICH. COMP. LAWS § 440.9609(1)(a).

3

material fact as to whether Cadieux gave permission to Tindall to use the goods as collateral, and thus, whether Cadieux could be estopped from asserting that Tindall did not have permission to grant a security interest in the Boat. (Doc. No. 95, 4/7/08 Op. & Or. at 13 (citing *Merchants Bank v. Atchison*, 832 F.2d 1236, 1239 (11th Cir. 1987).)

## II. Standard of Review

Pursuant to Eastern District of Michigan Local Rule 7.1(g)(2), no oral argument is permitted on a motion for reconsideration "unless the court orders otherwise." Furthermore, the standard for a motion for reconsideration is set forth in Eastern District of Michigan Local Rule 7.1(g)(3), which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus, "[t]he Court will grant a motion for reconsideration if the moving party shows: (1) a 'palpable defect,' (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002). "A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

## III. Applicable Law and Analysis

In its motion, Cadieux presents arguments under three separate categories: (1) rights

4

in collateral; (2) actual notice; and (3) estoppel. Of these arguments, however, whether Plaintiff had actual notice that Cadieux was or is the owner of the Boat seems to be the crucial issue presented in Cadieux's motion for reconsideration. This Court addressed this argument in its April 7, 2008 Opinion and Order and will not revisit its conclusions here. (*See* 4/7/08 Op. & Or. at 13-14.) Local Rule 7.1(g)(3), the rule governing motions for reconsideration, provides that a motion for reconsideration that presents the same issues ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3). Nevertheless, the parties do make arguments that were not made or ruled on previously and the Court will address these arguments to determine if reconsideration of the portion of the Court's April 7, 2008 Opinion and Order denying Cadieux's motion for reconsideration is warranted.

Cadieux argues that newly discovered evidence shows that Plaintiff did have actual notice that Cadieux owned the Boat. In denying Cadieux's motion for summary judgment as to Count V and rejecting Cadieux's actual notice argument, the Court, in its April 7, 2008 Opinion and Order, stated:

> Moreover, the actual notice Cadieux contends Plaintiff received consists of a fax of an Application for Watercraft Title allegedly sent on October 3, 2005. (*See* Cadieux's Mot. Ex. 4.) However, Michael S. Polcyn, Plaintiff's Vice-Present – Commercial Loan Officer, to whom the fax was allegedly sent, denies ever receiving the fax and also denies ever being told that Tindall merely had a leasehold interest in the Boat. (Pl.'s Resp. Ex. J, Michael S. Polcyn Affidavit ¶¶ 1, 3, 7.) Based on this evidence, this Court cannot conclude as a matter of law that Plaintiff had actual notice of the lease prior to advancing the boat loan.

(4/7/08 Op. & Or. at 14.) Cadieux now argues that a detailed log of Tindall's residential

telephone service provider shows that a fax of an Application for Watercraft Title listing Cadieux as the "Lssr" under the section for the Owner's name was sent to "Plaintiff's dedicated fax line (248-358-3158)" before Plaintiff disbursed the Boat Loan to Tindall. (Cadieux's Br. at 6 (referring to Ex. 1 attached thereto).) As Plaintiff argues, however, the "newly discovered evidence" proffered by Cadieux does not show that Mr. Polcyn received the fax showing that Cadieux was the owner of the Boat. Rather, the "newly discovered evidence" merely shows that a fax was sent to Plaintiff's fax line. (*See id.*) Furthermore, even if Plaintiff did know that Cadieux owned the Boat, there is a genuine issue of material fact as to whether Tindall had the authority to grant Plaintiff a security interest in the Boat on behalf of Cadieux. *See supra* page 8. Therefore, even if this Court was misled by a palpable defect in finding that there was a genuine issue of material fact as to whether Plaintiff had actual notice that Cadieux was the owner of the Boat before Tindall granted Plaintiff a security interest, correcting the defect would not result in a different disposition of Cadieux's motion.

Cadieux also contends that this Court erred in allegedly applying Alabama law when it stated that "[a]lthough there are no Michigan cases directly on point, 'all of the courts that have considered the question have ruled that an owner's permission to use goods as collateral creates rights in the debtor sufficient to give rise to an enforceable security interest.'" (4/7/08 Op. & Or. at 13 (quoting *Atchison*, 832 F.2d at 1239).) Contrary to Cadieux's assertion, the Court in *Atchison* was merely compiling authority from many different states when it made the above-quoted statement. *See Atchison*, 832 F.2d at 1239. Therefore, this Court was not applying Alabama law when it made the

6

above-quoted statement.  Moreover, Michigan Courts agree that "[w]hen uniform laws such as the UCC have been adopted by several states, the courts of one state may refer to decisions of another state and may construe statutes in accordance with the construction given by that state." *Fodale v. Waster Mgmt. of Mich., Inc.*, 271 Mich. App. 11, 21 n.9, 718 N.W. 2d 827, 834 n.9 (2006)(citations omitted).  Consequently, reconsideration is not warranted based on the Court's alleged application of Alabama law.

Furthermore, contrary to Cadieux's contention, Cadieux does not provide a case from a Michigan court holding that estoppel cannot be used under the circumstances present in this case.  As Plaintiff contends, unlike the bank in *Larson v. Van Horn*, 110 Mich. 369, 313 N.W. 2d 288 (1981), there is a genuine issue of material fact as to whether Plaintiff "relied on Tindall's authority to give [Plaintiff] a security interest in the Boat based on the fact that Tindall signed the purchase agreement for the Boat."  (Pl.'s Resp. Br. at 7; *see also* Doc. No. 92-2 (purchase agreement for the Boat that Plaintiff contends was signed by Tindall on behalf of Cadieux).)

Cadieux also asserts that the "Court erred, as a matter of law, by ignoring the rule that one cannot be estopped by the actions of another."  (Cadieux's Br. at 8.)  In the April 7, 2008 Opinion and Order, this Court held that there was evidence in the record showing that "Tindall told Plaintiff that he had the authority to give Plaintiff a security interest in the Boat on behalf of Cadieux."  (4/7/08 Op. & Or. at 13 (citing McDermott Decl. ¶ 13.)  The Court held that "[a] reasonable person could infer from this evidence that . . . Cadieux could have given Tindall permission to use the Boat as collateral."  (*Id.*)

Contrary to Cadieux's assertion, this Court does not believe that it was misled by a

palpable defect in concluding that a genuine issue of material fact exists as to whether Cadieux can "be estopped from asserting that Tindall did not have permission to grant a security interest in the Boat." (*Id.*) This Court held that there was a genuine issue of material fact as to whether Cadieux may be estopped from its failure to act, not the actions of Tindall.

Although not addressed by the Court in the April 7, 2008 Opinion and Order, in its reply to Plaintiff's response, Cadieux contends that there is no genuine issue of material fact as to whether Tindall had apparent authority to grant Plaintiff a security interest on Cadieux's behalf. As indicated above, even if Plaintiff had notice that Tindall was not the owner of the Boat, this does not mean that Tindall did not have the authority to grant Franklin a security interest in the Boat on behalf of Cadieux. *See* WHITE & SUMMERS, UNIFORM COMMERCIAL CODE § 31-3 at p. 129 ("Whether a non-owner has authority to encumber an owner's property generally depends on non-Code law of agency, partnership, or corporations.") There is evidence in this record showing that Tindall may have signed the purchase agreement for the Boat in his capacity as President of Cadieux, a little over six months before he granted Plaintiff a security agreement in the Boat. (Doc. No. 92-2, Boat Purchase Agreement (dated April 4, 2005); *see also* Pl.'s Compl. Ex. I, Boat Loan and Security Agreement (dated October 24, 2005).) Plaintiff has also proffered evidence showing that Tindall told Plaintiff that he purchased the Boat with cash and that he had the authority to grant a security interest in the Boat. (Pl.'s Resp. Ex. 1, Nowak-Baker Memo. at 1; McDermott Decl. ¶ 13.) In this Court's opinion, this evidence creates a genuine issue of material fact as to whether Tindall had the authority to

encumber Cadieux's Boat. Moreover, a case cited by Cadieux explicitly states "[t]he apparent authority of an agent to act as the representative of his principal is to be gathered from all the facts and circumstances in evidence, and ordinarily this is a question of fact for the jury's determination." *Enter. Invs. v. Qualex, Inc.*, 1990 U.S. Dist. LEXIS 13913, at *9-10 (W.D. Mich. Oct. 10, 1990)(citing *Central Wholesale Co. v. Sefa*, 351 Mich. 17, 87 N.W.2d 94, 98 (1957); *Atlantic Die Casting Co. v. Whiting Tubular Prods., Inc.*, 337 Mich. 414, 60 N.W.2d 174, 177 (1938)). Consequently, Cadieux's argument that there is no genuine issue of material fact as to whether Tindall had the authority to encumber Cadieux's Boat is unpersuasive.

Accordingly,

**IT IS ORDERED** that Cadieux's motion for reconsideration is **DENIED**.

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:
Sheri B. Cataldo, Esq.
Mark A. Chaban, Esq.
Chiara F. Mattieson, Esq.
Patricia Corkery, Esq.
Matthew B. Woodworth, Esq.
Michelle M. Wezner, Esq.