UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANKLIN BANK,

    Plaintiff,

                              Case No. 07-13748

v.

                              Honorable Patrick J. Duggan

MICHAEL EDWARD TINDALL, et al.,

    Defendants.
_____/

## OPINION AND ORDER DENYING CADIEUX'S OBJECTION AND GRANTING TINDALL'S, MART'S, AND T&C'S OBJECTION TO MAGISTRATE JUDGE MORGAN'S ORDER DATED AUGUST 14, 2008

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 27, 2008.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

Franklin Bank ("Plaintiff") filed this lawsuit against Michael Edward Tindall ("Tindall"), in his individual capacity and as trustee of MART Trust ("MART"), Tindall & Company, P.C. ("T&C"), Cadieux Corp., Inc. ("Cadieux"), Michigan Catholic Credit Union, Michigan First Mortgage, and the United States of America.[1] Plaintiff's nine-count complaint,[2] which invokes this Court's diversity jurisdiction, asserts claims relating

---

[1] On November 13, 2007, by stipulation of the parties, the United States of America was dismissed without prejudice. (Doc. No. 39.)

[2] This Court dismissed Counts II and III of Plaintiff's complaint on April 7, 2008.

to four separate loans Plaintiff made to Tindall or T&C. Presently before this Court are Cadieux's Objection and Tindall's, MART's, and T&C's Objection to an Order issued by Magistrate Judge Virginia M. Morgan on August 14, 2008. Having reviewed the parties' briefs filed in support of and in opposition to these Objections, the Court sees no need for oral argument, and is therefore dispensing with oral argument in accordance with Eastern District of Michigan Local Rule 7.1(e)(2).

**I.     Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, a magistrate judge's nondispositive pretrial orders shall not be reversed unless "clearly erroneous or contrary to law."

**II.    Relevant Background and Procedural History**

After this Court denied a motion for summary judgment filed by Cadieux on Count V of Plaintiff's complaint on April 7, 2008,[3] Plaintiff served Cadieux with its first set of discovery requests on May 2, 2008.[4] On June 9, 2008, Cadieux served its objections to Plaintiff's discovery requests. In its objections to Plaintiff's discovery requests, Cadieux asserted several general objections to Plaintiff's requests, and without addressing each

---

[3]Count V of Plaintiff's complaint is the only count asserted against Cadieux. In Count V, Plaintiff seeks "a declaratory judgment that it has a valid security interest in the entire Boat and that it lawfully took possession of the Boat, pursuant to MCL 440.9609, after default on the Boat Loan by Defendant Tindall." (Pl.'s Compl. at 29.) Cadieux moved for summary judgment on Count V on January 2, 2008, and this Court denied Cadieux's motion on April 7, 2008. Cadieux then moved for reconsideration, which this Court denied on June 17, 2008.

[4]Plaintiff's discovery request as to Cadieux contained eight interrogatories and 17 requests for production.

2

specific request, Cadieux refused to provide any of the requested information or documents.

Pursuant to a notice the Court sent the parties on April 7, 2008, Plaintiff then scheduled a conference to discuss its discovery requests.[5] A conference was held on July 2, 2008 in the presence of a court reporter. According to a transcript of the conference, counsel for the Tindall Defendants[6], Mr. Mark Chaban, mentioned a renewed motion for summary judgment on Count V, which Cadieux filed on July 1, 2008. Mr. Chaban then went on to assert various legal reasons that he believed Count V of Plaintiff's complaint must fail. In essence, Mr. Chaban claimed that Cadieux did not need to provide the requested discovery because it was entitled to summary judgment for the reasons stated in its renewed motion for summary judgment. (*See* Doc. No. 142-7 at 7.)

Because Plaintiff and Cadieux were unable to resolve their dispute regarding Plaintiff's discovery request at the July 1, 2008 conference, Plaintiff filed a "Motion To Compel Responses To Plaintiff's First Set Of Discovery Requests Directed To Defendant Cadieux Corp., Inc. And For Costs and Attorneys' Fees" on July 14, 2008. This Court referred Plaintiff's motion to compel to Magistrate Judge Morgan on July 14, 2008. Thereafter, on July 30, 2008, Cadieux filed a response to Plaintiff's motion to compel in

---

[5]On April 7, 2008, the Court sent a notice to counsel stating that "before any discovery motion may be filed in this case, a conference shall be held between the parties to discuss the issues, and such conference shall be held with the presence of a court reporter. If the parties cannot resolve the issue, a transcript of the conference shall accompany the motion." (Doc. No. 97.)

[6]For ease of reference, the Court will refer to Tindall, MART, T&C, and Cadieux collectively as the "Tindall Defendants."

which it also requested a protective order. Plaintiff replied to Cadieux's response on August 8, 2008.

Magistrate Judge Morgan held a hearing on Plaintiff's motion to compel on August 13, 2008, and issued an "Order Granting Motion to Compel Discovery and Denying Cadieux's Request for Protective Order And Notice To Tindall Defendants That Entry Of Judgment In Favor Of Plaintiff May Be Imposed As A Sanction" on August 14, 2008. In her Order, Magistrate Judge Morgan found that "the discovery requested is relevant to the claims and defenses in the case and that defendant Cadieux, by and through Mr. Tindall, has failed to cooperate in the discovery process." (Doc. 154 at 2.) Magistrate Judge Morgan then reopened discovery for Plaintiff only with respect to all of the Tindall Defendants, imposed a discovery cutoff date of September 26, 2008, and required the Tindall Defendants to "comply with the provisions of Fed. R. Civ. P. Rule 26(a)(1) mandatory disclosures" and "answer and further supplement any and all previously propounded Interrogatories and Request for Production of Documents" by September 12, 2008. (*Id.* at 3.) Furthermore, Magistrate Judge Morgan held that the Tindall Defendants "have willfully and knowingly failed to cooperate in discovery," and awarded sanctions to Plaintiff's counsel in the amount of $2,000.00 against the Tindall Defendants pursuant to Rule 37 of the Federal Rules of Civil Procedure. Finally, Magistrate Judge Morgan gave the Tindall Defendants notice of possible further sanctions, such as the entry of a default judgment for failure to comply with the discovery process.

## III. The Tindall Defendants' Objections

### A. Cadieux's Objection

Cadieux asserts a number of different arguments as to why it believes Magistrate Judge Morgan's Order was "clearly erroneous or contrary to law." Cadieux seems to object to nearly every sentence of the "Findings" section of Magistrate Judge Morgan's Order, arguing that each of these findings are "clearly erroneous." "[A] finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 33 U.S. 364, 395, 68 S. Ct. 525, 542 (1948). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74, 105 S. Ct. 1504, 1511 (1985). Having carefully reviewed Cadieux's Objection to Magistrate Judge Morgan's Order, the Court does not believe that any of Magistrate Judge Morgan's findings are "clearly erroneous."

The Court further finds that Magistrate Judge Morgan's conclusion that the "[d]iscovery requested is relevant to the claims and defenses in the case" is not "contrary to law." "[D]iscovery regarding any nonprivileged matter that is relevant to any party's claim or defense" is discoverable under the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). The relationship between Cadieux and Tindall is at issue in Count V of Plaintiff's complaint. More specifically, Count V alleges that Tindall had the authority to bind Cadieux, and therefore, Plaintiff's security interest in the Boat is valid. Plaintiff's

discovery requests sought information on the relationship between Cadieux and Tindall. Therefore, because Plaintiff's discovery requests are relevant, Cadieux's argument that Magistrate Judge Morgan's conclusion that the requested discovery was relevant to this case is unavailing.[7]

Finally, this Court does not believe that Magistrate Judge Morgan's imposition of sanctions against Cadieux was "clearly erroneous or contrary to law." This Court agrees with Magistrate Judge Morgan to the extent she found that there was evidence that Cadieux's blanket objections to Plaintiff's discovery requests were made in bad faith and thus sanctionable under Rule 37 of the Federal Rules of Civil Procedure.

For the foregoing reasons, Cadieux's Objection will be denied.

### B.     Tindall's, MART's, and T&C's Objection

Tindall, MART, and T&C argue that Magistrate Judge Morgan's Order, to the extent that it applies to them, should be reversed because Magistrate Judge Morgan "lacked jurisdiction to make any finding, conclusions of law, recommendation or Order in this matter as to these Defendants." (Doc. 163 at 3.) In response, Plaintiff argues that these "Defendants have had every opportunity to have their position heard but have declined to take advantage of their opportunities." (Doc. 171 at 1 (citing List of Unresolved Issues attached as Ex. A to Pl.'s Resp. Br.).)

---

[7]It is ironic that Cadieux objected to Plaintiff's discovery requests on the ground that its renewed motion for summary judgment was pending, because in its renewed motion for summary judgment, Cadieux asserted that its renewed motion was filed based on discovery conducted by the parties after the Court denied its original motion for summary judgment.

This Court referred only Plaintiff's motion to compel against Cadieux to Magistrate Judge Morgan (*see* Doc. No. 143), who, on July 24, 2008, issued a Notice scheduling a hearing for August 13, 2008, and requiring the parties to file "a joint list entitled 'List of Unresolved Issues.'" (Doc. No. 148.) Plaintiff has attached a copy of the List of Unresolved Issues that was apparently submitted to Magistrate Judge Morgan.[8] In addition to listing the unresolved issues associated with its motion to compel, Plaintiff listed two additional unresolved issues, including: "Defendant Michael Edward Tindall, individually and as trustee of the MART Trust, u/a/d August 28, 1992, has failed and refused to supplement its disclosures and responses pursuant to Fed. R. Civ. P. 26(e) despite the request to do so."[9] (Doc. 171-2 at 9.) Plaintiff contends that these additional unresolved issues, including the above-referenced unresolved issue involving Tindall and MART, were properly before Magistrate Judge Morgan.

This Court disagrees with Plaintiff. The Court referred only Plaintiff's motion to compel against Cadieux to Magistrate Judge Morgan. Despite the fact that Magistrate Judge Morgan's Notice only mentioned Plaintiff's motion to compel against Cadieux, Plaintiff included two additional unresolved issues that were not the subject of its motion to compel in its "List of Unresolved Issues," causing Magistrate Judge Morgan to address

---

[8] This List of Unresolved Issues, however, does not appear to be "joint," because Plaintiff repeatedly references "Defendants' Separate Submission."

[9] The other unresolved issue was as follows: "Defendant Cadieux Corp., Inc. has failed and refused to designate an individual to testify on its behalf pursuant to Fed. R. Civ. P. 30(b)(6) and failed and refused to appear at the time designated for its deposition (as well as failed to file a motion for protective order prior to the deposition as required by the Federal Rules of Civil Procedure)."

these issues in her Order.  As already indicated, on April 7, 2008, this Court notified the parties that, in accordance with Local Rule 37.1, a conference, in the presence of a court reporter, must be held before any party can file a motion to compel in this case.  Such a conference was held with respect to Plaintiff's motion to compel against Cadieux on July 1, 2008.  No conference was held with respect to any discovery dispute related to Tindall, MART, or T&C.  Indeed, at the conference held with respect to Plaintiff's motion to compel against Cadieux, Plaintiff's counsel refused to address any other discovery issue that the Tindall Defendants may have had.  (*See* Doc. No. 142-7 at 11-13.)  Plaintiff's attempt to bring additional unresolved issues before Magistrate Judge Morgan that were not the subject of its motion to compel against Cadieux is unwarranted and violates this Court's April 7, 2008 notice.  Accordingly, because this Court did not refer anything but Plaintiff's motion to compel against Cadieux to Magistrate Judge Morgan, any finding that relates to Tindall's, MART's, and T&C is beyond the scope of this Court's referral and will be vacated.[10]

Accordingly,

**IT IS ORDERED** that Cadieux's Objection to Magistrate Judge Morgan's August 14, 2008 Order is **DENIED**.

**IT IS FURTHER ORDERED** that Tindall, MART, and T&C's Objection to Magistrate Judge Morgan's August 14, 2008 Order is **GRANTED**.  The portions of

---

[10]Although the Court will vacate Magistrate Judge Morgan's August 14, 2008 Order to the extent that it applies to Tindall, MART, and T&C, the Court, as indicated above, still believes that it was proper to sanction Cadieux $2,000.00 for its failure to cooperate in the discovery process.

8

Magistrate Judge Morgan's August 14, 2008 Order pertaining to Tindall, MART, and T&C are **VACATED**.

                                                                    s/PATRICK J. DUGGAN
                                                                    UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Magistrate Judge Virginia Morgan