UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANKLIN BANK,

    Plaintiff,

v.

MICHAEL EDWARD TINDALL, et al.,

    Defendants.
_____/

TINDALL & CO., P.C.,

    Counter-Plaintiff,

v.

FRANKLIN BANK,

    Counter-Defendant.
_____/

Case No. 07-13748

Honorable Patrick J. Duggan

## OPINION AND ORDER OVERRULING OBJECTIONS TO PLAINTIFF'S DAMAGE CLAIM FOR ATTORNEYS' FEES AND COSTS AND AWARDING DAMAGES TO PLAINTIFF

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on  April 30, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Franklin Bank ("Plaintiff") filed this lawsuit against Michael Edward Tindall ("Tindall"), Tindall & Company, P.C. ("T&C"), Cadieux Corp., Inc. ("Cadieux"),

Michigan Catholic Credit Union, Michigan First Mortgage, and the United States of America.[1] Plaintiff's complaint asserts nine separate counts relating to four separate loans Plaintiff extended to Tindall or T&C. These loans include a Home Loan extended to Tindall, a Commercial Loan extended to T&C, a Boat Loan extended to Tindall, and a Business Loan extended to T&C.

In an opinion and order entered on October 27, 2008, this Court *inter alia* entered summary judgment in favor of Plaintiff with respect to its claims relating to the Home Loan (Count I) and Business Loan (Counts VI, VII). On November 17, 2008, the Court held a hearing for the parties to address the issue of damages related to those loans. At the hearing, Plaintiff presented evidence establishing the following damages and costs:

**Home Loan**:
| | |
|---|---|
| Principal: | $325,050.00 |
| Interest:[2] | $ 45,388.29 |
| Late Charges: | $ 2,277.73 |
| Annual Charges: | $ 100.00 |
| Satisfaction Charge: | $ 17.00 |
| **SUB-TOTAL** | **$372,833.02** |
| Attorneys' Fees: | $114,168.71 |
| Costs: | $ 3,253.27 |
| **TOTAL** | **$490,255.00** |

**Business Loan**:
Principal: $147,000.00

---

[1] On November 13, 2007, by stipulation of the parties, the United States of America was dismissed without prejudice. (Doc. No. 39.)

[2] Plaintiff's calculation of damages includes interest accumulated as of November 17, 2008. Interest on the Home Loan after that date is based on the prime rate plus 1.250%.

|  |  |
|---|---|
| Interest:[3] | $ 21,851.96 |
| Default Interest: | $ 9,800.00 |
| Late Fees: | $ 12,993.58 |
| (Payments: | $ 2,304.02) |
| **SUB-TOTAL** | **$189,341.51** |
| Attorneys' Fees: | $ 60,705.63 |
| Costs: | $ 3,253.27 |
| **TOTAL** | **$253,300.41** |

On December 18, 2008, Defendants Michael Tindall and T&C (hereafter "Defendants") filed objections to Plaintiff's claimed attorneys' fees and costs. Plaintiff filed a response on December 29, 2008.

Plaintiff claims that it is entitled to its attorneys' fees and costs as damages for Defendants' breach of the Home Loan and Business Loan based on the language of those loans. The Home Loan provides in relevant part: "you agree to pay all our costs, including reasonable attorney's fees, that we incur in legal proceedings to collect or enforce this debt should you be in default." (Doc. 108-4 at 3.) The Business Loan provides in relevant part:

> 10.8 **Fees and Expenses**. Borrower shall pay to Lender all of the Lender's expenses, including reasonable attorneys' fees and expenses, and disbursements for title searches, appraisals, credit reports and other expenses, related to the preparation and/or enforcement of this Agreement and any other document evidencing and/or securing the Loan. Any reference in this Agreement to attorneys' fees shall mean fees, charges, costs and expenses of both in-house and outside counsel and paralegals, whether or not a suit or proceeding is instituted, and whether incurred at the trial court level, on

---

[3]Plaintiff's calculation of damages includes interest accumulated as of November 17, 2008. Interest on the Business Loan after that date is based on the prime rate plus 1%.

> appeal, in a bankruptcy, administrative or probate proceeding, in consultation with counsel, or otherwise.

(Doc. 158-8 at 10.) Defendants assert numerous objections to the fees and costs Plaintiff set forth at the damages hearing.

First, Defendants "demand[]" discovery and trial as to Plaintiff's claim for attorneys' fees and costs and contend that "Plaintiff must prove all elements of its damages, including mitigation, proximate cause, etc. [sic] in addition to reasonableness of the amounts claimed." (Defs.' Objs. at 2.) Discovery, however, has been completed in this case, including with respect to Plaintiff's claimed damages such as attorneys' fees and costs. Further, the Court conducted an evidentiary hearing on the damages issue. This Court already held that Plaintiff's are entitled to damages, including their request for fees and costs, when it granted Plaintiff's motions for summary judgment with respect to the Home Loan and Business Loan. While Plaintiff must demonstrate the reasonableness of its request, it is Defendants' burden, not Plaintiff's, to show that Plaintiff failed to mitigate its damages.[4] *See TCP Indus., Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 550 (6th Cir. 1981) (failure to mitigate damages is an affirmative defense and, as such, the burden is on the defendant to show that the plaintiff has not mitigated its losses).

Defendants next contend that Plaintiff has forfeited any right to the claimed

---

[4]Defendants also assert that Plaintiff's claim for fees and costs should be denied due to its contributory negligence. Defendants have not demonstrated that Plaintiff was contributorily negligent. In any event, the Michigan Supreme Court has abolished the doctrine of contributory negligence. *See Placek v. Sterling Heights*, 405 Mich. 638, 650, 275 N.W.2d 511, 514 (1979)

damages by committing certain breaches of both loan agreements. This Court already addressed Defendants' argument that Plaintiff breached the Home Loan and/or Business Loan in ruling on the parties' various summary judgment motions. The Court concluded that none of Defendants' defenses (including their assertion that Plaintiff breached the loan agreements first) precluded Plaintiff from prevailing on its claims to enforce those loans and recovering the amounts due thereunder, including attorneys' fees and costs.

Defendants also object to Plaintiff's claim for fees and costs against Defendant Cadieux on the Boat Loan and for any fees and costs related to the Commercial Loan. First, the fees and costs at issue now relate to the Home Loan and Business Loan, only. Second, Plaintiff maintains that the only attorneys' fees and costs it has sought from Cadiux are the $2,000 sanctions imposed by this Court that it has failed to pay.

Defendants further argue that Plaintiff's fees and costs include work expended outside this litigation, such as the litigation in the Ohio state and federal courts. Pursuant to the language of the Home Loan and Business Loan set forth above, however, Plaintiff is entitled to recover damages that include the attorneys' fees and costs it expended to collect or enforce its debt, regardless of whether those fees and costs were incurred in this litigation specifically. *See supra*. The Court interprets the above-quoted language as including Plaintiff's dispute with other lenders to determine the priority of its loans. Furthermore, paragraph 10 of the mortgage specifically entitles Plaintiff to recover its attorneys' fees and costs incurred in protecting its security interest. (Doc. 58-5 at 3 ¶ 10.)

Defendants object to the amount of Plaintiff's claimed attorneys' fees and costs,

5

contending that they are "unreasonable and excessive in relation to the [loan] balances claimed due." (Defs.' Objs. at 3.) Defendants cite no authority to support their assertion that a fee request is excessive and/or unreasonable simply based on the ratio between the amount sought and the other damages claimed. In any event, it is difficult to find merit in Defendants' argument where, as Plaintiff points out, the hours expended and fees charged by Defendants' own attorney are comparable to those of Plaintiff's counsel.

Defendants raise several "specific objections" to Plaintiff's requested fees and costs. First, Defendants contend that the rates charged by two of Plaintiff's attorneys, Sheri Cataldo and Larry Smith are excessive and unreasonable. Ms. Cataldo's hourly rate is $250; Mr. Smith's is $300. The Court does not find these rates so far beyond the median rate for attorneys with the same years of experience (22 years for Ms. Cataldo and 30 years for Mr. Smith), in similar practice areas, size firms, and locations. *See* www.lawpracticeeconomics.com. Moreover, the Court notes that Defendants' own attorney, Mark Chaban, charges the same rate as Ms. Cataldo and has been a member of the state bar for only 9 years.

Defendants next contend that the hours charged by Plaintiff's attorneys are "excessive, duplicative, inefficient, and unnecessary." Defendants, however, fail to identify *any* specific charges that fall within this description. This Court is not in a position to know what charges Defendants believe are excessive, duplicative, inefficient, or unnecessary and it is not the Court's responsibility to search the billing records for such charges. As one district court has stated in response to a party's non-specific

objections to a request for attorneys' fees:

> It is, in general, inappropriate for [the party objecting to a fee request] to merely cite 'examples,' and effectively delegate to the Court the work of analyzing all billing entries line-by-line in an effort to identify other entries that [the party] might find similarly objectionable. . . . It is particularly inappropriate here, because – quite apart from the trespass on the Court's time – the Court cannot know what the [party] considers to be unduly "vague." Federal judges are not required to be telepathic.

*Former Employees of BMC Software, Inc. v. U.S. Secretary of Labor*, 519 F. Supp. 2d 1291, 1326 n.51 (Ct. Int'l Trade 2007).

Defendants do identify seven specific categories of costs/disbursements which they claim are excessive, unnecessary, duplicative, and extreme: copies (the rate– $.20/page– and the number claimed); Pacer charges (searches and copies of documents from different courts); messenger charges (to deliver copies of electronically filed pleadings mainly to this Court); postage (instead of using e-mail); express mail charges related to filings and service of pleadings in the Ohio state case; facsimile charges; and service of process charges. In its response, Plaintiff addresses each of Defendants' complaints with respect to these costs. (Doc. 192 at 8-11.) For the reasons stated by Plaintiff, the Court does not find the costs objectionable.

Defendants also object to redactions in the billing entries of Plaintiff's attorneys which are based on the assertion of attorney-client privilege. Plaintiff indicates, however, that the redacted entries are not included in the attorneys' fees it now seeks.

Lastly, Defendants challenge "multiple time entries for communications, e-mails,

and work done relating to persons/attorneys having no relation to this case." (Defs.' Objs. at 5.) Defendants, however, do not identify the time entries to which they are referring. As indicated earlier, the Court will not comb the billing records to figure out (to the extent it could) the entries that fall within this objection.

For the above reasons, the Court finds no merit to Defendants' objections to the attorneys' fees and costs that Plaintiff seeks as damages related to the Home Loan and Business Loan. This Court finds the costs and fees charged by Plaintiff's attorneys to be reasonable. The Court therefore awards Plaintiff the total costs and attorneys' fees it seeks as damages. Based on the evidence produced at the November 17, 2008 hearing on damages, the Court also concludes that Plaintiff is entitled to the other amounts sought as damages. *See supra*.

Accordingly,

**IT IS ORDERED**, that Defendants' objections to Plaintiff's request for attorneys's fees and costs are **OVERRULED**;

**IT IS FURTHER ORDERED**, that with respect to Count I of Plaintiff's complaint, Plaintiff is awarded damages against Defendant Tindall in the amount of $490,255.00, plus interest from November 17, 2008 forward as set forth in the Home Loan, *see supra* at n.2;

**IT IS FURTHER ORDERED**, that with respect to Counts VI and VII of Plaintiff's complaint, Plaintiff is awarded damages against Defendants Tindall and T&C in the amount of $253,300.41, plus interest from November 17, 2008 forward as set forth in the

Business Loan, *see supra* at n.3.

                                         <u>s/PATRICK J. DUGGAN</u>
                                         UNITED STATES DISTRICT JUDGE

Copies to:
Sheri B. Cataldo
Mark A. Chaban
Michelle M. Wezner
Chiara F. Mattieson
Michael E. Tindall