UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANKLIN BANK,

        Plaintiff,

v.

MICHAEL EDWARD TINDALL, MART
TRUST, TINDALL & COMPANY P.C.,
CADIEUX CORP., INC., MEMBER FIRST
MORTGAGE LLC a/k/a MEMBER FIRST
MORTGAGE, and UNITED STATES OF
AMERICA,

        Defendants.
_____/

Case No. 07-13748

Honorable Patrick J. Duggan

## **JUDGMENT**

On September 6, 2007, Plaintiff Franklin Bank ("Plaintiff") filed this diversity lawsuit against Michael Edward Tindall ("Tindall"), in his individual capacity and as trustee of MART Trust, Tindall & Company, P.C. ("T&C"), Cadieux Corp., Inc. ("Cadieux"), Michigan Catholic Credit Union ("MCCU"), Michigan First Mortgage ("MFM"), and the United States of America.[1]  In its complaint, Plaintiff asserted nine separate counts relating to four separate loans Plaintiff extended to Tindall, Cadieux, or T&C.  This Court granted summary judgment to Plaintiff against Tindall, T&C and/or Cadieux with respect to Counts I, V, VI, and VII of Plaintiff's Complaint in an opinion and order issued on October 27, 2008 (Docs. 180, 181).  In an opinion and order dated

---

[1] On November 13, 2007, by stipulation of the parties, the United States of America was dismissed without prejudice.  (Doc. No. 39.)

July 30, 2009 (Doc. 206), this Court ruled on the priority of the mortgages held by Plaintiff, MCCU, and MFM with respect to certain real property which was the subject of Count I of Plaintiff's Complaint. Lastly, in an order issued August 14, 2008, Magistrate Judge Morgan awarded sanctions to Plaintiff against Cadieux and the amount remains unpaid. Pursuant to these decisions, Plaintiff's proposed final judgment, and Defendants' objections to Plaintiff's proposal (Docs. 207, 209),

**IT IS ORDERED, ADJUDGED, AND DECREED**, that on Count I of Plaintiff's Complaint (Foreclosure of Mortgage):

(1) **JUDGMENT** is entered in favor of Plaintiff and against Tindall in the amount of $325,050.00, plus accrued interest in the amount of $56,399.92 through August 10, 2009, late fees in the amount of $2,277.73, annual fees in the amount of $100.00, satisfaction fees in the amount of $17.00, together with costs in the amount of $3,253.27 and attorneys' fees in the amount of $114,168.71, for a total judgment amount of $501,266.63, plus continuing interest after August 10, 2009, at the rate in effect under the Home Equity Line of Credit at the time the Complaint was filed in accordance with Michigan Compiled Laws § 6006.013(7) until fully satisfied.

(2) If Tindall fails to pay the above amount within ten (10) days of the date of the entry of this Judgment, Plaintiff shall be entitled to and shall have the right to foreclosure upon the future advance mortgage given by Tindall, as trustee of Mart Trust, u/a/d August 28, 1992, dated March 7, 2005 and recorded March 29, 2005, in Liber 42371, page 1264, Wayne County Records (the "Mortgage"), and to sell the real property identified therein

located in the City of Grosse Pointe Farms, County of Wayne, State of Michigan, and more particularly described as follows:

> That part of Private Claim 231 described as beginning at the intersection of the Southerly line of Merriweather Road with the Westerly line of Grosse Pointe Boulevard and proceeding thence South 22 degrees 56 minutes West along said Westerly line 115.85 feet; thence North 60 degrees 08 minutes 45 seconds West 85.11 feet; thence North 29 degrees 23 minutes 20 seconds East 115.01 feet to the Southerly line of Merriweather Road; thence South 60 degrees 08 minutes 45 seconds East along said Southerly line 72.04 feet to the point of beginning
>
> More commonly known as: 55 Merriweather Road, Grosse Pointe Farms, Michigan 48236
> Parcel Identification No.: 38-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-000
>
> (the "Property"),

at a public sale made by the Wayne County Clerk (or by a Deputy County Clerk) in accordance with the Michigan statutes, to satisfy the obligations set forth in Subparagraph (1), plus all lawful fees for advertising and conducting the sale in accordance with Michigan Compiled Laws § 600.6091, plus any taxes, insurance, and other amounts paid to preserve, repair, and protect the Property by Plaintiff during the redemption period in accordance with Michigan Compiled Laws § 600.3145, and all other monies recoverable by law;

(3) After the sale, the person conducting the sale shall file a report and certificate of the sale with this Court as required by Michigan law and Plaintiff shall file a motion seeking an order confirming the sale thereafter in accordance with Michigan law;

3

(4)  The rights and interests of MFM[2] and MCCU[3] in the property are subordinate to the rights and interests of Plaintiff in the Property, and the order of priority of the lenders' mortgages on the Property are as follows: (1) Plaintiff; (2) MFM; and (3) MCCU;

(5)  On such foreclosure and sale, after expiration of any applicable redemption period, the purchaser at the foreclosure sale shall be the fee owner of the premises sold, free and clear of any interest of Tindall, individually and/or as trustee of MART Trust, u/a/d August 28, 1992, MFM, and MCCU;

(6)  Tindall, individually and/or as trustee of MART Trust, shall deliver possession of the Property to the purchaser on or before the expiration of the applicable redemption period under Michigan Compiled Laws § 600.3140;

(7)  Any sums paid by Plaintiff after the foreclosure sale for taxes or insurance premiums (to provide coverage through the redemption period) may be added by Plaintiff to the redemption price in accordance with Michigan Compiled Laws § 600.3145;

(8)  In accordance with Michigan Compiled Laws § 600.3150, upon confirmation of the report of sale by this Court, if either the principal, interest, or costs ordered to be

---

[2]MFM claims rights and interests in the property under a mortgage dated February 28, 2005, and recorded April 4, 2005, in Liber 42395, Page 2860, Wayne County Records.

[3]MCCU claims rights and interests in the Property under a mortgage dated March 11, 2005, and recorded March 23, 2005, in Liber 42362, Page 185, Wayne County Records.

paid, is left unpaid after applying the amount received upon the sale of the premises, the Clerk of the Court shall issue execution for the amount of the deficiency, upon the application of the attorney for Plaintiff, without notice to Tindall or his attorney; and

(9) This Judgment shall be recorded by the Wayne County Register of Deeds upon payment of the appropriate recording fee by Plaintiff, the amount of which shall be added to the total judgment found to be due and owing on the Home Loan in Subparagraph (1);

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that on Count V of Plaintiff's Complaint (Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201-2202 Re: Validity of Security Interest in Boat and Right to Possession), **DECLARATORY JUDGMENT** is entered in favor of Plaintiff and against Cadieux and it is hereby **DECLARED** that:

(1) Plaintiff has a valid security interest in that certain 2004 Sea Ray 380 DA, Hull Identification No. SERF9709F304 (the "Boat");

(2) Plaintiff lawfully took possession of the Boat in accordance with Michigan Compiled Laws § 440.9609, after default on the Boat Loan by Tindall;

(3) Plaintiff, in accordance with Michigan Compiled Laws § 440.9610(1), is entitled to "sell, lease, license, or otherwise dispose of" all or a portion of the Boat in its then-current condition "or following any commercially reasonable preparation or processing."

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that on Count VI (Breach of Business Loan Promissory Note) and VII (Breach of Business Loan

5

Guaranty) of Plaintiff's Complaint, **JUDGMENT** is entered in favor of Plaintiff and against T&C and Tindall, jointly and severally, in the amount of $147,000.00, plus accrued interest in the amount of $26,553.92 through August 10, 2009, default interest in the amount of $14,144.67 through August 10, 2009, late fees in the amount of $12,993.58, together with costs in the amount of $3,253.27 and attorneys' fees in the amount of $60,705.63, for a total judgment amount of $264,651.07, plus continuing interest after August 10, 2009, at the rate in effect under the Business Loan Promissory Note at the time the Complaint was filed in accordance with Michigan Compiled Laws § 600.6013(7) until fully satisfied.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that in accordance with Magistrate Judge Morgan's order dated August 14, 2008 (Doc. 154), as modified by this Court's opinion and order dated October 27, 2008 (Doc. 183), whereby Magistrate Judge Morgan awarded Plaintiff sanctions under Federal Rule of Civil Procedure 37 in the amount of $2,000 against Cadieux to be paid on or before September 26, 2008, which amount remains unpaid, **JUDGMENT** is entered in favor of Plaintiff and against Cadieux in the amount of $2,000; and

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that this Judgment resolves all pending claims and that any pending claim not otherwise addressed above be and is hereby **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction to confirm the sale of the Property upon foreclosure in accordance with applicable law.

6

**DATE:September 30, 2009**

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record